188 So. 37

**ESPARROS v. VICKNAIR et ux.**

No. 35037.

March 6, 1939.

Rehearing Denied April 3, 1939.

Lubin F. Laurent, of New Orleans, for appellants.

Malcolm L. de la Houssaye and Arthur A. de la Houssaye, both of New Orleans, for appellee.

ROGERS, Justice.

Plaintiff asserts title to a tract of land in possession of defendants and described in his petition as Lot No. 5, containing 36 acres, in section 31, township 11 south, range 8 East, in the parish of St. John the Baptist.

Defendants resist plaintiff's claim on the ground that they are the owners of the property under a prescriptive title based on their physical possession as such for more than thirty years. The judgment of the district court recognizes plaintiff's title and orders defendants to deliver possession of the property to plaintiff. Defendants are appealing from the judgment.

It is not disputed that plaintiff is the record owner of the tract of land claimed by him. The property forms part of a larger tract of land which was acquired by plaintiff as the universal legatee of Mrs. Lucille Faure, widow of Romain Buissiere, as per judgment of the Civil District Court for the parish of Orleans, dated June 12, 1934, rendered in the succession of the testatrix, No. 206,740 of the docket of said court.

On defendants' claim of ownership by thirty years physical possession, the testimony amply shows that in 1901 the defendant Athanase Vicknair took possession of a portion of the tract of land in dispute. He cleared the tract of trees and underbrush, sold firewood out of the timber, fenced the property and placed it in cultivation. In 1904, he built "a little shack" on the land. When this shack was torn down in 1915, defendant built a permanent house and the necessary number of outhouses on the same property. Later, at a time not shown in the testimony, he built a dance hall and another little house and a cornhouse on the property. No person other than the defendant Athanase Vicknair has occupied the place as owner from 1901 to 1937. The defendants were married in February, 1906. All their children were reared on the property, some of them being born there.

Defendants never abandoned the property as contended by plaintiff. When they left it about the year 1911 and went to live, first, at Frenier Beach, and then in the City of New Orleans, where they remained for a few years, defendants placed the property in charge of the father of defendant Athanase Vicknair who, as defendants' tenant, cultivated the property under his son's supervision.

While the testimony conclusively shows that defendants have been in physical possession of the property they now occupy for more than thirty years, it does not conclusively show the extent of that property. The defendant Athanase Vicknair himself testified that he had never measured

the property nor had it surveyed, but that, "it is supposed to be seventeen acres." The estimates of other witnesses as to the extent of the property in possession of the defendants vary from two and one-half to sixteen acres. It being impossible from the state of the record for the Court to determine the area of the tract of land owned by defendants under their prescriptive title, the case should be remanded in order that its boundaries may be definitely established by a surveyor appointed by the judge of the district court as prayed for by the defendants in their answer. Article 906 of the Code of Practice provides that, where, because of the failure of the parties to produce the necessary evidence, this Court is unable to pronounce definitively on the cause, it may be remanded for the purpose of establishing the true situation.

We find no merit in plaintiff's pleas of res judicata and estoppel. The former plea is based on a certain judgment rendered in the suit entitled Mrs. Romain Buissiere and Miss Reine Buissiere v. Clairville Cureaux et al., No. 293 of the docket of the 28th judicial District Court for the Parish of St. John the Baptist, filed in May, 1911, wherein the court found that plaintiffs' ancestors in title were the record owners of the property in the year 1911. Inasmuch as the defendants were not parties to that suit, it is clear that they are not bound by the judgment rendered therein and that, as to them, it can not be urged as res judicata.

The plea of estoppel is predicated on an answer filed by defendants in a suit instituted in 1922 in the United States

District Court for the Eastern District of Louisiana, entitled Mrs. Adele L. Buissiere v. Mr. and Mrs. Athanase Vicknair et al., which was dismissed as of non-suit. Defendants, in their answer in that suit, denied that they had ever been in possession of the lands claimed by plaintiff. The lands claimed there by plaintiff were sections 53 to 59, both inclusive, and section 30 of township 11 south, range 8 East. Lot No. 5 of section 31, which is the property in dispute here, was not involved in that suit. It is significant, however, that in their answer defendants did aver that they were and had been, for more than twenty years, in possession of property which is apparently the same property involved in this suit.

For the reasons assigned, the judgment appealed from is annulled and the case is remanded for further proceedings consistent with the views herein expressed. Appellee is to pay the cost of this appeal, the remaining costs to abide the final decision of the case.

On Application for Rehearing.

PER CURIAM.

In his application for rehearing plaintiff complains that the decree of this Court may be construed as remanding the case solely for the purpose of establishing boundaries of the land in dispute by a surveyor to be appointed by the trial judge, and if so, is highly prejudicial to his rights. Plaintiff asks that if the case be remanded, it be remanded for all purposes.

This Court, in remanding this case, had no intention of denying the parties the right to offer such additional evidence as they might be able to produce and deem necessary. If there is any uncertainty in this respect, the uncertainty may be removed and the decree clarified without the necessity of granting a rehearing.

Accordingly, our decree is amended, and it is now ordered that the case be remanded not only for the purpose of establishing the boundaries of the lands in dispute by a surveyor to be appointed by the trial judge, but also for the purpose of permitting the parties litigant to introduce any additional evidence they may deem relevant to the issues involved in the case.

Rehearing refused.