17 So.2d 924

**ESPARROS v. VICKNAIR et ux.**

No. 36681.

April 17, 1944.

Arthur A. de la Houssaye, Malcolm L. de la Houssaye, and Mose C. Scharff, all of New Orleans, for plaintiff and appellant.

Lubin F. Laurent, of New Orleans, for defendants and appellees.

HIGGINS, Justice.

The sole defense to this petitory action is that the defendants, husband and wife, are the owners of the property in controversy by virtue of their corporeal possession thereof for more than thirty years, and their plea of thirty years' prescription acquirendi causa.

The trial judge originally decided that the defendants had failed to prove their defense. On appeal we held that the testimony "conclusively" showed that the defendants had been in physical possession of the property they now occupy for more than thirty years, but we were unable to determine the boundary or area of that property. The judgment was annulled and the case remanded for further proceedings consistent with the views therein expressed. On an application for rehearing by per curiam, we modified the decree so as to reopen the case for all purposes. 192 La. 383, 188 So. 37.

The case was retried on the same issue, resulting in a judgment in favor of the defendants maintaining the plea of prescription, dismissing the plaintiff's suit and recognizing the defendants as the owners of a piece of ground comprised within and designated by the letters "A, B, C and D", being a part of Lot 5, Section 31, Township 11, South Range 8 East, containing 16.84 acres, located in St. John the Baptist Parish, more fully described and identified by the pink color on the map and survey made and drawn through an order of

court by H. E. Landry, Surveyor, dated July 15, 1939.

The plaintiff appealed.

The record shows that the plaintiff, as testamentary heir, inherited 409.12 acres of land located in St. John the Baptist Parish from the Succession of Mrs. Lucille Faure, widow of Romain Buissier, on June 12, 1934, as appears from the judgment of the Civil District Court, Parish of Orleans, in proceedings No. 206,740 of the docket. Lot No. 5 containing 36 acres was a part of the larger tract. The land was in a swamp area and before the construction of the Air Line Highway, subsequent to 1930, access to the property in question was gained through the Gypsy Road. Prior to 1901, the defendant's, Atanase Vicknair's, father operated a farm in St. Charles Parish near the St. John the Baptist Parish line fronting on the Mississippi River and extending forty arpents in depth. To the rear of this property and at a distance of about one mile or more lies the land in question. Atanase Vicknair, when a young man, assisted his father in farming, and beginning in 1901 and each year thereafter he cleared the trees and underbrush from a part of the property in litigation, cultivating the portions from which the trees and stumps were removed, until the year 1905, when he had cleared all of the property and had eight or ten acres thereof under cultivation. During that time he erected a small house or camp where he kept his tools and a shed for his mules and had also placed a barbed wire fence around the property. In 1905, the building on the land burned and was replaced. In 1906, the defendant married and for a while lived with his father and, subsequently, at the Fisher place and in New Orleans. He continued to cultivate the property either personally or with the assistance of his father on a share-crop-basis from about 1910 to 1915, when, after building a modest home on the land, he resided there with his wife and three children. His other children were born on the property and all of them were reared there. When the Air Line Highway from New Orleans to Baton Rouge was constructed, it passed over the land leaving a small triangle on one side of the highway and a large portion of the land on the other side. On this triangular piece of land there is a house which was built in 1934 and on the larger piece of land on the opposite side of the highway, the defendant erected a pavilion. Apparently, this building was erected after the Air Line Highway was constructed. On April 18, 1934, the husband (Atanase Vicknair) sold to the contractor, who had the contract to construct the approaches to the Bonnet-Carre-Spillway Bridge on the Air Line Highway, the filling to be excavated from a part of the property in question, in order to make the embankment. The consideration was $4,000, payable $500 in cash and the balance in monthly installments. The petitory action was filed on February 14, 1936.

On the original trial, the defendants, besides themselves, placed on the witness stand ten witnesses who were residents of St. John the Baptist Parish for many years and who had lived in the vicinity or section where the land in dispute is located. These people fished, hunted, and trapped on nearby lands and cut timber for cross

ties and staves therefrom. All of this property was generally referred to as "Unknown lands" and was considered as owned by the State. Each of these witnesses stated that in going to and from this section, they passed on the Gypsy Road and either bought wood and vegetables or obtained water from the defendant Vicknair, and that he gradually cleared the property—starting in either 1901 or 1902 until it was completely cleared and fenced before the end of 1905. They stated that he had a truck garden, and raised sugar cane and cotton thereon at various times, and had a tool house and mule shed on the land and a fence around it to keep out cattle.

The only countervailing proof was the documentary evidence showing the record title in the plaintiff, which was undisputed, and the testimony of the former sheriff and a former secretary of the Police Jury and the Pontchartrain Levee Board, who stated that the defendant Vicknair asked them in about 1931 to locate the owner of the property so that he could buy the land from him. The sheriff admitted that he did not know when the Vicknairs went on the property and his recollection was there were only seven acres involved, but he did not know where the land was located. The other witness stated that prior to 1925, he could not remember seeing the defendants' residence on the property and that there was no building there as far as he could recollect. He admitted that there was cultivation of lands by various parties in that section during that period of time. He would not deny that he bought from defendant Vicknair fire wood, which had been

taken from the property in question many years ago.

When this Court originally reviewed the record, we were of the opinion that the defendants had "conclusively" proved that they had occupied the land for more than thirty years.

On the retrial of the case, the defendants again placed on the witness stand, besides themselves, all of the previous witnesses, except two—one who had died since the former trial, and the other who was confined to his bed as a result of an automobile accident. These witnesses testified in substance that the property indicated in pink on the plan made by the surveyor, appointed by the judge, was the land which Vicknair had occupied from either 1901 or 1902, under the circumstances that they had previously described.

To controvert this evidence, the plaintiff introduced some old surveys of the Buissier property which surveys were made and drawn for the purpose of showing the boundaries and designating the places and giving the names of the tenants who occupied various portions of the land. As the defendants were not shown on the old plans to be tenants occupying any portion of the land, it is said that this documentary evidence shows that they were not on the land during those earlier periods of time, or through 1912. This evidence was objected to by the defendants' counsel on the ground that it was irrelevant and immaterial because it pertained to other parties and not to the defendants who were in no way involved in those boundary controversies.

The surveyor appointed by the court, who made the plan showing the land in question as containing 16.84 acres, stated that in passing by this land on a few occasions while hunting, he could not remember that it had any buildings on it or that it was under cultivation. His recollection is that it was overgrown with weeds, although he seems to concede that it was cleared. He also stated that the defendant approached him with a view of buying the land in 1931.

Honore Wemprem, an employee of the plaintiff, who was also a Game Warden for the Conservation Department, stated that he could not remember Vicknair occupying and cultivating the property prior to 1907 or 1908, but admits that there was a camp or small building on the land placed there by Vicknair and also admits that he is depending upon his recollection or memory; and that, although he was present in the courtroom at the former trial, he never testified.

Etienne Vicknair, a nephew of the defendant Vicknair, stated that his father cleared and cultivated a part of the land in question until about 1925, and that his uncle did not occupy all of it to that date. This witness admitted that he was only thirty years of age and that he was about eight years old at the time his father was cultivating the land, and also that he had difficulties with the Vicknair family, and that although he was present in the courtroom at the former hearing, he did not testify.

We are of the opinion that the old plans introduced in evidence showing the place on the large Buissier tract of land where the resident tenants were located and their names are not very helpful here because the defendants, according to both litigants' version in the matter, were never tenants on the property but squatters asserting adverse rights to the plaintiff and his predecessor in title. Apparently, the defendants' presence on the property was not known to the plaintiff and his authors in title, because this land was in a marshy section and was practically a wilderness and very inaccessible. Obviously, if the defendants were on the property as tenants, they could not plead prescription of thirty years.

A reading of the additional testimony offered by the plaintiff, indicates that the witnesses had no occasion to make any particular observation of whether or not the defendants were occupying the property and they frankly stated that they were depending on their memories. On the other hand, the defendants and their witnesses who lived in that section and had occasion to pass the property and saw the defendant Vicknair occupying it for many years are in a better position to have that fact impressed on their memory.

The fact that the defendant, Atanase Vicknair, spoke to three of the plaintiff's witnesses about purchasing the property in 1931 does not in any way detract from the testimony that he was in physical and corporeal possession of the property for thirty years. It simply indicated a desire to clear the title to the property when he (Atanase Vicknair) knew that he had not purchased it.

The testimony certainly preponderates in favor of the defendants and the

trial judge, who was familiar with the locus in quo and the people who testified, concluded that the defendants had successfully borne the burden of proof that they occupied the 16.84 acre tract of land for more than thirty years and, therefore, acquired the ownership thereof. His views are supported by the record.

It appears that the defendants also have under fence 7.06 acres of land in Section 52, Township 12, South Range 8 East. This property is indicated in yellow on the surveyor's map made for the enlightenment of the Court and is not owned by the plaintiff. As the owner of this triangular portion of land is not before the court, it was error for the trial judge to include that property in his decree. We express no opinion as to whether or not the defendants have acquired title to this 7.06 acres, because the owner thereof is not made a party to this suit and, as we have stated, the plaintiff does not claim ownership thereof.

For the reasons assigned, it is ordered, adjudged and decreed that the judgment of the district court is amended by eliminating therefrom the seven and six one-hundredths (7.06) acre tract in Section 52, Township 12, South Range 8 East, colored yellow on the plan made by the surveyor appointed by the Court and dated July 15, 1939, lying between the points designated by the letters A, B and E thereon, and, as thus amended, the judgment is affirmed; the plaintiff to pay all costs of court.

O'NIELL, C. J., takes no part.

ODOM, J., absent.