LeSUEUR, Judge.
Plaintiff and her husband, John W. Mecom, Sr., settled the Mecom Trust in 1948 in favor of their three children as sole beneficiaries. Each of these children is a defendant in this suit.
The defendant, Robert E. Lee Building Corporation, is a trust management and financial vehicle created by the Mecom trustee and authorized by the trust instrument. At the outset, this corporation was wholly owned by the trust. Ownership remained in the trust on April 9, 1959, when the corporation acquired the property at 615 Howard Avenue in New Orleans, and continued in the trust until the manipulations which led to this suit were substantially complete.
These manipulations began shortly after G. A. Mueller became sole trustee on November 22, 1968. On December 30, 1968, Mueller and the three beneficiaries formed a Louisiana partnership in commendam, Four M Properties, Ltd. On January 16, 1969, the same parties formed a Texas limited partnership of the same name. In each case, Mueller became general partner and secured a 1% interest in the assets of the partnership. The remaining interests were divided among the partners in com-mendam and “limited” partners, the three beneficiaries of the trust.
Mueller and the two partnerships then dismembered the corporation. In August of 1969 the trust transferred all of the Robert E. Lee stock to the Texas partnership and, within a week, the corporation, for nominal cause, transferred title to the Howard Avenue property to the Louisiana partnership.
All of the machinery in place, the Louisiana partnership, on September 4, 1969, contracted to sell the Howard Avenue property to Frederick Kullman. The price was fixed at $250,000.00 and the agreement was recorded.
Mrs. Mecom brought this suit to circumvent the transaction. She asked for a preliminary injunction restraining the sale and for an order setting aside the conveyance of the property from the corporation to the Louisiana partnership. One defendant, John W. Mecom, Jr., asked that this relief be granted. All others, joined by Kullman as an intervenor, resisted.
The trial judge denied the injunction and dismissed the suit, dismissing at the same time Kullman’s claim for damages resulting from an alleged wrongfully issued temporary restraining order. Mrs. Mecom has appealed. By answer, Kullman, in addition to opposing the principal appeal, has asked for a review of his claim for damages.
The appeal, as filed, presented a broad spectrum of issues rooted in the reciprocal rights and fiduciary obligations of the set- *599 tlor, trustee and beneficiaries, compounded by equally sophisticated questions concerning estoppel and the public records doctrine. For the most part, these questions are no longer before us.
The public records, of which we take judicial notice, reflect that on December 9, 1969, the Louisiana partnership and Kullman, freed by the denial of the injunction and the vacation of the temporary restraining order, consummated the sale of the Howard Avenue property. All issues related to the requested injunction are, therefore, moot and beyond review. Brown v. Town of Lake Providence, La. App., 200 So.2d 764, 765 (2nd Cir. 1967).
Correspondingly, the consummation means that Kullman now holds a title which he secured from the owner of record. Neither the Mecom Trust nor any interest held by it in the Howard Avenue property is a matter of public record. Absent the recording of legal notice of an adverse interest, the Kullman title must, in view of the public records doctrine, be upheld. McDuffie v. Walker, 125 La. 152, 51 So. 100 (1909). This, of course, means that the conveyance from the corporation to the partnership cannot now be set' aside.
We express, therefore, no opinion whatsoever on what resolution of this appeal might have been proper had the sale not been executed. We also express no opinion on any right of action Mrs. Mecom may have against Mueller for breach of fiduciary duty.
The only issue remaining lies in the Kullman claim for damages. Considering the circumstances of the transaction, we concur with the trial judge in concluding that the claim was without merit. Amacker v. Amacker, La.App., 146 So.2d 672 (1st Cir. 1962).
For the reasons assigned, the judgment of the trial court is affirmed.
Affirmed.