276 So.2d 746 (1973)
Mrs. Mertie Lou Fourmy BARNES and Edward P. Dameron, III
v.
The CITY OF HAMMOND.
No. 9010.
Court of Appeal of Louisiana, First Circuit.
February 1, 1973.
*747 Cyrus J. Greco, Baton Rouge, for appellants.
John D. Kopfler, Hammond, for appellee.
Before LOTTINGER, ELLIS and CRAIN, JJ.
CRAIN, Judge.
This is an appeal from a judgment maintaining an exception of no cause and no right of action to appellants suit for an injunction. The injunctive proceeding was filed on April 6, 1972 wherein the appellants sought to enjoin the City of Hammond,
"... its agents, employees, and all other persons, firms, or corporations acting or claiming to act in its behalf from dedicating and attaching or affixing a plaque or a marker concerning Peter Hammond on public property of the defendant without first submitting the same for approval to the Louisiana Historical Preservation and Cultural Commission..."
The petition further alleged that Saturday, April 15, 1972 had been proclaimed as Peter Hammond Day, and in connection with this proclamation a Peter Hammond Fountain previously erected on city property would be dedicated.
A hearing on the petition for injunction was set for April 14, 1972. At that hearing it was stipulated that the plaque had already been affixed, and the request for injunctive relief to prohibit the affixing of the plaque was moot. See Mecom v. Mueller, La.App., 235 So.2d 597. This conclusion was reiterated in appellants' brief. Insofar as any portion of the suit which might remain, which would have to be the dedication ceremonies, the trial court, without written reasons sustained the exception of no cause and no right of action. We affirm.
Appellants rely solely on LSA-R.S. 25:527 which provides in pertinent part as follows:
"... Except as otherwise provided by law, no historical monument or marker shall be created or placed by any public or private corporation, association, society, organization or person on public property in Louisiana without the approval of the commission ..."
Considering the original petition and the stipulation of the parties the Peter Hammond Fountain had been erected prior to the injunction hearing. Also the plaque relating to Peter Hammond had been affixed to the fountain. Accordingly injunctive action with respect to these two items was moot. The only other relief prayed for was to prohibit the dedication ceremonies from taking place. Without in any way determining its applicability in other respects, it is clear from examining LSA-R.S. 25:527 that it does not apply to dedication ceremonies. Thus the petition for injunctive relief to prohibit the dedication of the plaque or marker fails to state a cause of action.
The judgment of the trial court is affirmed. All costs of this appeal to be paid by appellants.
Affirmed.