280 So.2d 588 (1973)
Stanley G. TINNEY et al.
v.
Lorna Laque LAUVE et al.
No. 5524.
Court of Appeal of Louisiana, Fourth Circuit.
July 3, 1973.
*589 Vial, Vial & Lemmon, Leon C. Vial, III, Hahnville, for plaintiffs-appellees.
Ralph R. Miller, Norco, for defendants-appellants.
Before SAMUEL, GULOTTA and FLEMING, JJ.
SAMUEL, Judge.
Plaintiffs filed this petitory action to determine ownership of a certain tract of land in St. Charles Parish near the town of Boutte. The suit was prompted by a dispute over the proper recipients of the proceeds of an expropriation of a small portion of the tract by the State of Louisiana for highway purposes. After trial on the merits there was judgment in favor of the plaintiffs, recognizing their ownership of the disputed tract of land. Defendants have appealed.
Plaintiffs allege they are the record owners of the property and that neither they nor the defendants are in possession. The petition describes the property in controversy in great detail in accordance with a right-of-way map prepared in conjunction with the above mentioned state highway project.
Defendants initially admitted they were not in possession of the property. They later amended their answer to claim they are in possession but were unaware of that fact until receipt of a survey obtained by their attorney. Defendants further averred legal title by virtue of a 1932 judgment of possession and alternatively alleged they are the owners of the property by virtue of thirty years acquisitive prescription.
At the trial plaintiffs introduced the record evidence of their title. The links in the chain are:
(1) A sale, dated June 4, 1903, by Bertha Reichenberg Friedman Marrs to Winfield H. Tinney, conveying, among other property: "A certain tract of land, situated in the Parish of St. Charles, at Boutte Station, fronting on the Morgan's Louisiana & Texas Railroad, by a width of one and one-half arpents, extending in depth to the Township line about fifteen arpens, less lots of Anderson, Smith, Zuberbier and Lucinda Washington, together with all the buildings and improvements thereon."
(2) A judgment of possession in the Succession of W. H. Tinney dated July 15, 1910 placing the heirs in possession of "A certain tract of land situated in the Parish of St. Charles at Boutte Station fronting on the Morgan's Louisiana & Texas Railroad tract, by a depth of one and one-hal arpents extending in depth to the Township line about fifteen arpents, less lots of Anderson Smith, Zuberbier and Lucinda Washington, and lot sold to William L. Laque by W. H. Tinney on January 4, 1909 together with all the buildings and improvements thereon."
(3) A judgment of possession, dated November 4, 1947, in the Succession of Mrs. Rosa Friedman, widow by first marriage of W. H. Tinney, by which the heirs were placed in possession of "A certain tract of land situated in the Parish of St. Charles *590 at Boutte Station fronting on the Morgan's Louisiana & Texas Railroad tract by a depth of one and one-half arpents extending in depth to the Township line about fifteen arpents, less lots of Anderson Smith, Zuberbier, and Lucinda Washington, and lots sold to William L. Laque by W. H. Tinney on January 4, 1909, together with all the buildings and improvements thereon."
In support of their claim of title defendants introduced a judgment of possession in the Succession of Wilton L. Laque and his wife, Catherine Stone, dated December 5, 1932; a sale dated April 18, 1936 by three of the four heirs in said succession to the remaining heir, William Leslie Laque; and a judgment dated October 23, 1962 in the Succession of William Leslie Laque putting defendants in possession. In each of the three links of the defendants' claimed title, numerous pieces of ground in the area are described.
In addition to their chains of title, both plaintiffs and defendants offered the testimony of surveyors.
All evidence of title in the record contains descriptions which make location of the land in dispute extremely difficult. This lack of evidence substantially was established by the fact that the trial judge himself made a search of the public records of the parish. Defendants take issue with the propriety of his making such a search. The objection is without merit. A trial court may take judicial notice of the public conveyance records over which it has jurisdiction.[1]
We first consider the issue of possession. Defendants argue they were in possession of the property in question and that this possession not only affects the burden of proof imposed on the plaintiffs but also establishes their title to the ground by virtue of the acquisitive prescription of 30 years. If the defendants are in possession of the property, plaintiffs would then have to make out their title thereto; if, on the other hand, the defendants are not in possession of the property, plaintiffs need only prove a better title than the defendants.[2] It is also true that if the plaintiff in a petitory action proves his ownership by establishing a record title, the burden then shifts to a defendant in possession to prove an apparent valid title in himself or to establish all facts necessary for the acquisitive prescription of 30 years.[3]
A detailed analysis of the acts which constitute adverse possession is not necessary in this case. It suffices to say that ownership of immovable property may be acquired by 30 years adverse possession, with or without title, in good or in bad faith, by continuous, uninterrupted, public, unequivocal, and exclusive possession.[4]
The testimony of two witnesses was the only evidence defendants offered to establish possession by them or by their ancestors in title. That testimony is concerned only with the claim of prescriptive title. There is no testimony, nor is there any evidence at all, to the effect that the defendants were in possession of the disputed property at the time this suit was filed.
The first of these witnesses was Enos Russell, a half brother of one of the defendants' predecessors in title. Mr. Russell, who at the time of trial was 71 years of age, testified his half brother used the property in question as pasture for mules, horses and cows. He also testified that a fence was built "all around the property", *591 but he admitted not knowing where the boundary lines were. He stated that, although he visited the area for some time thereafter, he lived near Boutte only until he was 16 years of age (approximately 55 years prior to the trial). He could not furnish the dates or duration of the alleged possession, nor could he locate the particular property which his relatives allegedly used. In view of the fact that the deeds entered in evidence show defendants' ancestors in title owned several pieces of property in the area of Boutte, Mr. Russell's testimony completely failed to establish possession of the property in suit.
The other witness offered by defendants to establish possession was Leander Landeche, who was 67 years old at the time of the trial. By his own admission, Mr. Landeche could give no boundaries of the property in suit, nor did he know whether the defendants' ancestors in title ever possessed the property. He too was unable to give any dates or periods during which possession could have occurred.
At best, it can only be said that the possession evidence presented by the defendants is totally lacking in probative value with regard to the necessary acts of dominion, control, and public adverse possession necessary to acquire property by the acquisitive prescription of 30 years and, as has been pointed out, the record is devoid of any evidence showing the defendants are in possession as required by LSA-C.C. P. Art. 3653(1).
On appeal defendants argue primarily that the descriptions in the links of the plaintiffs' title do not describe the real estate adequately enough to determine whether it is the property in dispute. They base this contention on the fact that those descriptions contain no reference to lot, township, section, or range and that the dimensions are only stated in terms of arpents.
The law with regard to the degree of accuracy in the description of immovable property which is the subject of a petitory action is well established. In such an action the description of the property in dispute must be within the four corners of the deeds or other documents forming the chain of title. However, when a deed is partially defective, misleading or erroneous as to the property description, it is nevertheless susceptible of conveying property provided the immovable intended to be transferred can be ascertained with certainty with the aid of such extrinsic evidence as is admissible under the rules of evidence.[5] This rule is subject to the further proviso that there must be sufficient information in the property description to base title substantially on written evidence and not principally on parol evidence.[6]
While several pieces of immovable property are described in each of the links of the defendants' claim title, with the sole exception of one piece acquired in 1909 by William A. Laque, a defendant predecessor in title, from W. H. Tinney, a plaintiff predecessor in title, we find none described in such a way as to identify it with the property described in plaintiffs' petition or in the links in the chain of plaintiffs' title. We note that the record contains a survey of the area made by Mr. E. M. Collier, a surveyor called by the defendants. Mr. Collier testified the shaded portions of the survey were lands for which he found a title for the defendants and the unshaded portions of the survey were lands for which he could find no title for the defendants. It appears to us, as it did to the trial judge, that the land here in dispute is unshaded.
On the other hand, in connection with plaintiffs' evidence we find there are established landmarks and monuments sufficient to locate the land and to establish title thereto, certainly better title than that *592 possessed by the defendants. As pointed out by the trial court in reasons for judgment:
"All maps and surveys of the land in contest, and the testimony of the surveyors, identify and monument the land in contest as: (1) Having as a rear line the common boundary of Township 14 and Township 13; (2) containing the parcel of land sold to Lucinda Washington; (3) having the land of Lucinda Washington and the eastern end of the land in question bound by the land of defendants."
The only tract of ground which has as its rear boundary line the common township line of Township 14 and Township 13 and which contains, or formerly contained, the small tract designated as the land of Lucinda Washington is that tract described in the three links of plaintiffs' title, namely the sale from Marrs to Tinney dated June 4, 1903 and the July 15, 1910 and November 4, 1947 possession judgments.
Moreover, those two possession judgments except property sold by W. H. Tinney, plaintiffs' ancestor in title, to William A. Laque, defendants' title ancestor, on January 4, 1909, approximately six years after Tinney's acquisition from Marrs. The public records of St. Charles Parish contain that 1909 Tinney to Laque sale which conveyed a parcel described as being bounded on the north by lands of the purchaser, on the south by Ellington Planting Company, on the east by lands of the purchaser, and on the west by lands of Lucinda Washington and the vendor, W. H. Tinney. The sale is significant in that it shows plaintiffs' predecessor in title acquired title to a tract of ground in 1903, only part of which is now in question, and that defendants' predecessor in title, from whom the defendants have inherited, recognized the title of plaintiffs' predecessor to the larger tract when he purchased the parcel on January 4, 1909.
The trial judge concluded that the surveys, the testimony of the surveyors, and the existing landmarks from the titles which can be found on the land in question identify it as the remaining portion of the property acquired in 1903 by the plaintiffs' predecessor in title from Marrs, and that this land has never been sold by plaintiffs or their predecessors in title. We agree with that conclusion.
Accordingly, we hold the defendants have failed to establish the prescription they allege, they are not in possession, thus requiring of the plaintiffs only that the latter prove they have a better title than the defendants, and that the plaintiffs have successfully carried their burden of proof.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.
NOTES
[1] See Mecom v. Mueller, La.App., 235 So. 2d 597.
[2] LSA-C.C.P. Art. 3653; Motty v. Broussard, La.App., 201 So.2d 293.
[3] Meridian Land & Mineral Corporation v. Bagents, 211 La. 627, 30 So.2d 563; Deselle v. Bonnette, La.App., 251 So.2d 68; Abramson v. Piazza, La.App., 198 So.2d 565.
[4] See LSA-C.C. Arts. 852, 3499 and 3500. See also J. H. Jenkins Contractors, Inc. v. Farriel, La.App., 246 So.2d 340, affirmed 261 La. 374, 259 So.2d 882.
[5] See J. H. Jenkins Contractors, Inc. v. Farriel, supra, footnote 4; Snelling v. Adair, 196 La. 624, 199 So. 782; Harrill v. Pitts, 194 La. 123, 193 So. 562.
[6] Lemoine v. Lacour, 213 La. 109, 34 So.2d 392.