315 So.2d 370 (1975)
CITY STORES COMPANY (MAISON BLANCHE DIVISION)
v.
GERVAIS F. FAVROT CO., INC.
No. 6803.
Court of Appeal of Louisiana, Fourth Circuit.
May 15, 1975.
Rehearing Denied August 5, 1975.
Writ Refused October 17, 1975.
Guste, Barnett & Colomb and William M. Barnett, New Orleans, for City Stores Co. (Maison Blanche Division), plaintiff-appellant.
Baldwin, Haspel, Molony, Rainold & Meyer, New Orleans, and Smith, Currie & Hancock, Atlanta, Ga., Robert R. Rainold and Conrad Meyer, IV, New Orleans, Bert R. Oastler, Atlanta Ga., of counsel, for Gervais F. Favrot Co., Inc., defendant-appellee.
Before LEMMON, GULOTTA and BOUTALL, JJ.
BOUTALL, Judge.
Plaintiff and defendant entered into a contract for the construction of a warehouse, etc., the contract price to be on a cost-plus basis with a maximum ceiling. The contractor encountered a number of expenses beyond what it considered was called for under the original contract between the parties and asked for arbitration of these items as provided in the contract. The owner thereupon filed this suit to enjoin the arbitration contending that the maximum price could not be exceeded, that the contractor had not complied with all of the conditions precedent to obtain arbitration, *371 and that the items claimed were not arbitrable claims, considering the status of the various contracts and the agreements between the parties. On the merits, plaintiff seeks a permanent injunction enjoining arbitration procedures, and a declaratory judgment dispositive of the rights of the parties under the contracts and agreements. A rule nisi was issued for a preliminary injunction restraining the contractor and all other persons "from proceeding with its demand for arbitration and arbitration before any arbitrator or panels of arbitrators, the alleged claims of the said defendant growing out of or in any manner related to the construction of the warehouse and retail store building, for the petitioner, Maison Blanche." A hearing was held on this rule and the preliminary injunction was denied; the owner, City Stores Company, has appealed the denial of that preliminary injunction and this is the only issue before us.
We have been informed by both appellee and appellant that following the denial of the injunction there was an arbitration proceeding and that arbitration is complete. With this in mind we have examined the record before us in order to make a determination of the issue before the court on the rule for preliminary injunction, and this examination convinces us that the issue before the court is now moot.
The trial judge in his reasons for judgment determined that there were two issues before him. The first was "Whether the contractor's claim for adjustment of the maximum guaranteed contract costs is a matter subject to arbitration under the General Conditions of the Contract entered into by the parties on March 8, 1972." The court found as a fact, and there is ample evidence in the record in support thereof, that the contractor agreed to construct a warehouse for the owner using the "Fast-Trac" construction method. This method of construction is a type whereby the building is started before the final plans are drawn in order that the least possible time may elapse between conception of the construction and its conclusion. The trial judge found that the contract between the parties provided for arbitration, and that all of the original plans and documents as well as the later furnished working drawings and other blueprints were all considered as a part of the contract and subject to arbitration. The second issue was whether an architect's decision is a condition precedent to any right of arbitration. The court found that the contract documents provided that the architect must give a decision within ten days of a request, and since in this case, request had been made and documentation furnished to the architect by the contractor, the contractor was in compliance with requirements precedent to arbitration even though the architect refused to give answer.
In our approach to a solution of the appeal before us, we note that this is only a rule for preliminary injunction, the purpose of which was to stop the arbitration procedure during the pendency of the suit in order to approach a determination on the merits. In such a circumstance the purpose of the preliminary injunction is to preserve the status quo until a determination can be made on the merits of the controversy. In Employers Overload Company v. Employers Overload Company of New Orleans, Inc., 266 So.2d 546 (La.App. 4th Cir. 1972) we stated:
"The preliminary injunction is only an interlocutory procedure, usually conservatory in nature, which has the object and purpose of maintaining or adjusting the existing status of the litigants upon a prima facie showing that to do otherwise would result in irreparable injury, pending the decision on the permanent injunction, which is dispositive of the issues on the merits."
See also West Publishing Company v. Intrastate Pipeline Corporation, 254 So.2d 643 (La.App. 4th Cir. 1971).
We point out that the purpose of the preliminary injunction was to stop arbitration *372 during the pendency of the suit, and arbitration is now complete, hence no order issued by this court on an appeal from a preliminary injunction could act to stop what has already been accomplished. In such a situation, an appeal from the denial of the trial court to enjoin an act subsequently committed is rendered moot. Mecom v. Mueller, 235 So.2d 597 (La.App. 4th Cir. 1970); Barnes v. City of Hammond, 276 So.2d 746 (La.App. 1st Cir. 1973); Morehouse Parish Police Jury v. Wild Life & Fisheries Commission, 199 So.2d 542 (La.App. 4th Cir. 1967); Heard v. Seegers, 186 So.2d 170 (La.App. 2d Cir. 1966).
For the foregoing reasons we conclude that the only issue before this court is moot, and accordingly, we dismiss the appeal and remand the case to the trial court for any further proceedings that the nature of the case may require. Plaintiff-Appellant is to pay all costs of this appeal, other costs to await the final determination of the case.
Appeal dismissed.