348 So.2d 1263 (1977)
Thomas L. HARRIS, Plaintiff-Appellee,
v.
Butler GALLOWAY, Defendant-Appellant.
No. 13275.
Court of Appeal of Louisiana, Second Circuit.
June 22, 1977.
McKinley, Bruscato & Loomis by Percy A. Ford, Jr., Monroe, for defendant-appellant.
Johnson & Johnson by Don H. Johnson, Monroe, for plaintiff-appellee.
Before PRICE, MARVIN and JONES, JJ.
*1264 JONES, Judge.
Plaintiff and defendant are adjacent property owners on Highland Road in Richwood, Louisiana. Defendant appeals from a judgment declaring plaintiff to be the owner of certain disputed land located between them, by virtue of 30 years acquisitive prescription. We affirm.
Plaintiff brought this action against defendant as a possessory action, but converted it into a petitory action by praying that he be declared owner of the disputed property. See LSA-C.C.P. Arts. 3657, 3661.
Defendant first asserts plaintiff did not prove adverse possession of the disputed land for 30 years.
The trial court found although plaintiff's deed to his property adjacent to the disputed lot was dated July 6, 1946, plaintiff paid for his property and took actual physical possession of both a portion of the tract he purchased and the disputed lot in late April or early May, 1946, which was more than 30 years prior to the filing of this law suit.
Plaintiff constructed a fence on the south line of the disputed lot (which, in conjunction with existing fencing, resulted in total enclosure of the lot) at the time he first possessed the lot in 1946. Plaintiff and other members of his family farmed the whole of the disputed lot commencing in the Spring of 1946 and each year thereafter, including the year this suit was brought. Although a portion of the enclosing fence was removed or had deteriorated at the time of trial, evidence of its existence remained throughout the 30 years. The plaintiff moved a house onto the disputed tract in 1964 and constructed a store building on it in 1963, neither of which remained on the lot at the time of trial. Defendant presented some testimony that plaintiff's possession did not commence until several years after 1946 to show plaintiff had not been in possession of the land for 30 years. Where there is conflict in the testimony, the trial judge's evaluation of credibility and findings of fact will not be overturned on appeal in the absence of manifest error. Rothring v. Traveler's Indemnity Company, 338 So.2d 1174 (La.App., 2d Cir. 1976).
The record abundantly supports the trial court finding that plaintiff proved open, notorious, continued, and unequivocal possession of the disputed lot for more than 30 years and this possession was of a sufficient character to establish a prescriptive title. LSA-C.C. Arts. 3499, 3500.[1]Bradford v. Thomas, 344 So.2d 717 (La.App., 2d Cir. 1977); Hill v. Richey, 221 La. 402, 59 So.2d 434 (1952); Clark v. Lee, 221 So.2d 562 (La.App., 2d Cir. 1969).
Defendant's second assertion is that plaintiff did not meet the burden of making out his title to the disputed land "good against the world", as required under LSA-C.C.P. Art. 3653(1).
Plaintiff admittedly waived his possessory action and converted it into a petitory action by praying his ownership be recognized. However, he did not thereby judicially confess that defendant enjoyed the possession of the disputed land. LSA-C.C.P. Art. 3657.[2] In fact, the defendant admitted at trial he had never been in actual possession of the disputed land. The trial court correctly held plaintiff need only prove better title than defendant. LSA-C. C.P. Art. 3653(2). Tinney v. Lauve, 280 So.2d 588 (La.App., 4th Cir. 1973); Ryder v. LaCour, 322 So.2d 243 (La.App., 3d Cir. *1265 1975). In any event plaintiff is entitled to judgment recognizing his ownership of the immovable property because his proof of 30 years adverse possession is sufficient to constitute proof of title "good against the world". LSA-C.C.P. Art. 3653, Bishop Homes, Inc. v. DeVall, 336 So.2d 313 (La. App., 1st Cir. 1976).
Defendant's final contention is that plaintiff interrupted the running of prescription by acknowledgement.
Plaintiff did admit he did not have record title to the disputed land. After discussions with defendant, plaintiff removed an old dwelling house from the disputed land he had placed there earlier. There was also testimony concerning offers by defendant to sell the disputed land to plaintiff.
While plaintiff admitted his title to the disputed lot was not perfect, he never admitted defendant was the owner or entitled to possession of the lot, and in fact, plaintiff has never relinquished physical possession of the lot. Plaintiff explained his removal of the old dwelling house was to protect it against the possibility he might lose this law suit. These actions of plaintiff are not the express, certain, and definite acts which would show the clear purpose and intent required to interrupt prescription by acknowledgement. Roberts v. Cooper, 127 So.2d 369 (La.App., 2d Cir. 1961); Vincent v. Bullock, 192 La. 1,187 So. 35 (1939). The minimal discussions between plaintiff and defendant concerning a possible purchase of the property likewise cannot be considered an acknowledgement of prescription. Esparros v. Vicknair, 205 La. 699, 17 So.2d 924 (1944).
For the foregoing reasons, the judgment of the trial court is affirmed, appellant to pay all costs.
Affirmed.
NOTES
[1] "Art. 3499. Immovables, possession without title or good faith

"The ownership of immovables is prescribed for by thirty years without any need of title or possession in good faith."
"Art. 3500. Attributes of possession for thirtyyear prescription
"The possession on which this prescription is founded must be continuous and uninterrupted during all the time; it must be public and unequivocal, and under the title of owner."
[2] C.C.P. Art. 3657 provides that when . . . "the defendant in a possessory action asserts title in himself . . . [he] . . . judicially confesses the possession of the plaintiff. . ." (emphasis added). By the express terms of the article, this provision does not apply to the plaintiff in a possessory action. This is recognized in Comment C to Art. 3657.