COLE, Judge.
This is a motion by the defendant-appel-lee, L. W. Eaton Construction Company, Inc., to dismiss the appeal of the plaintiff-appellant, the State of Louisiana, on the ground that the matter before this Court is now moot. For the reasons hereafter assigned, we find the motion to dismiss must be denied.
*476 This suit involves a contractual dispute. Prior to April 4, 1973, the state had advertised for bids for the construction of a facility for the L.S.U. School of Veterinary Medicine in Baton Rouge, Louisiana. Eaton was eventually determined to be the low bidder.
On that date, these parties entered into a contract for the proposed construction work and on June 13,1978, the state accepted the building as being substantially complete.
During the progress of the construction, it came to the attention of the state that certain steel was being used on the job which it felt did not comply with the contract specifications. Delays and price adjustments thereafter occurred which resulted in Eaton filing a demand for arbitration shortly after acceptance of the project.
On July 20, 1979, the state filed this suit which seeks an injunction against the arbitration proceedings and a declaratory judgment declaring the contract between the parties to be null and void.
On August 14,1979, a hearing was had on the merits of the state’s demand for a preliminary injunction and the district court subsequently denied that relief. The state then perfected this devolutive appeal from that judgment.
On October 8, 1979, the arbitration proceedings began and were eventually completed on January 10, 1980. An award was entered by the arbitrators on February 24, 1980 and Eaton has apparently moved to confirm that award, pursuant to the provisions of LSA R.S. 9:4209, although those pleadings are not a part of this record.
Eaton’s motion to dismiss the appeal of the state from the denial of the preliminary injunction asserts that since the arbitration proceedings have now taken place and an award made, the state’s attempt to obtain injunctive relief is now moot.
They cite in support of that motion City Stores Co. v. Gervais F. Favrot Co., Inc., 315 So.2d 370 (La.App. 4th Cir. 1970), in which an appeal was dismissed which sought to have an arbitration proceeding preliminarily enjoined, where the arbitration was completed before the appeal was heard. There the court reasoned:
“We point out that the purpose of the preliminary injunction was to stop arbitration during the pendency of the suit, and arbitration is now complete, hence no order issued by this court on an appeal from a preliminary injunction could act to stop what has already been accomplished. In such a situation, an appeal from the denial of the trial court to enjoin an act subsequently committed is rendered moot. Mecom v. Mueller, 235 So.2d 597 (La.App. 4th Cir. 1970); Barnes v. City of Hammond, 276 So.2d 746 (La.App. 1st Cir. 1973); Morehouse Police Jury v. Wild Life & Fisheries Commission, 199 So.2d 542 (La.App. 4th Cir. 1967); Heard v. Seegers, 186 So.2d 170 (La.App.2d Cir. 1966).”
Here, there is no evidence before us that the arbitration is finally complete and, to the contrary, it appears from the briefs of counsel that Eaton has only recently filed the necessary documents to have the action of the arbitrators confirmed in accordance with the Louisiana Arbitration Law. Therefore, it is still possible for the appellant to obtain the relief sought in this court.
We note also, that unlike City Stores, supra, this is a suit which seeks to have the contract between Eaton and the state declared to be totally null and void due to alleged violations of the public bid statutes. In such a case, the Supreme Court of this state declared that arbitration proceedings were to be stayed until it could be judicially decided whether the contract was void ab initio. See George Engine Co., Inc. v. Southern Shipbuilding Corp., 350 So.2d 881 (La.1977).
Therefore, we find the authority relied upon by the moving party is not applicable here, the matter before the court on appeal is not, at this time, moot and the motion to dismiss the appeal must be denied.
MOTION DENIED.