424 So.2d 1098 (1982)
Roby Grace Allen, wife of and Charles O. MULKEY
v.
C.E. CATE, et al.
No. 82 CA 0202.
Court of Appeal of Louisiana, First Circuit.
December 21, 1982.
Writ Denied February 23, 1983.
Thomas S. Derveloy, Jr., Covington, for plaintiff-appellee.
Duncan S. Kemp, III, Hammond, for defendant-appellant.
Before PONDER, SAVOIE and ELLIS, JJ.
PONDER, Judge.
Defendants appealed from a judgment declaring that plaintiffs are the owners of ten acres of land by acquisitive prescription.
The issues are: 1) commencement of possession as owner; 2) acknowledgment of ownership by others; 3) proof of thirty-year acquisitive prescription; and 4) the interruption of possession.
All the property discussed hereafter is located in the northwest quarter of the northwest quarter of Section 1, T 6 S, R 7 E, in Tangipahoa Parish. This tract will hereafter be called the Mulkey tract. The disputed tract is a ten-acre tract, located in the northwest quarter of the Mulkey tract. Plaintiffs' ancestors in title, Charles and *1099 Roby Grace Mulkey,[1] moved to a house in the southeast quarter of the Mulkey tract in 1940. They fenced the entire forty acres and in 1944 built a house on the southeast quarter of the Mulkey tract.
Mr. and Mrs. Mulkey purchased this southeast quarter from the Charles E. Cate Estate in 1946. In 1955, they purchased the northeast quarter and the southwest quarter from the same estate, thus acquiring record title to a total of thirty acres. There is no evidence that they ever obtained title to the disputed northwest quarter.
Mrs. Mulkey and her children, plaintiffs, testified that they maintained the fence around the forty-acre tract. They began dairy farming in 1945, and subsequently cleared portions of the disputed tract so it could be used as pasture. They cut hardwood, using part for fence posts, cross-fenced portions of the property, had pulpwood cut and picked mayhaws on the ten-acre portion. In 1973, plaintiff, Dale Mulkey, moved a trailer on the disputed property, built a fence around it, had the utilities connected and lived there for approximately three years.
Defendant, Stanley Dameron, testified that Dameron Investment Corporation purchased the disputed tract in 1974.[2] Defendants' only acts of possession were the payment of property taxes, a visit to the property in 1977, after a question of ownership arose and when pictures of the tract were taken, and a second visit just prior to the trial.
The trial court held that plaintiffs had proven thirty-year acquisitive prescription by a preponderance of the evidence and their possession had not been interrupted.
Defendants' argument that plaintiffs were precarious possessors of the tract because of the purchase of adjacent properties from defendants' ancestors in title is without merit. The mere fact of physical possession by a non-owner is sufficient notice to the record owner and to the public that the non-owner intends to possess the property for himself, unless possession began in some capacity other than as owner. La.Civil Code Art. 3488;[3]Jones v. Skannal, 368 So.2d 774 (La.App. 2nd Cir.1979), writ denied, 371 So.2d 620 (La.1979). The testimony of plaintiffs and their ancestors in title indicated that they possessed the disputed tract as owners. We cannot say the trial judge erred.
Defendants next argue that if the plaintiffs commenced possession as owners, the purchase of adjoining tracts in 1946 and 1955 amounted to acknowledgments sufficient to interrupt the running of prescription. La.Civil Code Art. 3520.[4]
To interrupt prescription, an acknowledgment must be clear, specific, positive and unequivocal; it must be made with the intention to interrupt prescription. Wise v. Watkins, 222 La. 493, 62 So.2d 653 (1952); Harris v. Galloway, 348 So.2d 1263 (La.App. 2nd Cir.1977). The purchase of two adjoining tracts by plaintiffs' ancestors in title was not the express, certain and definite act which would show the clear purpose and intent required. We find no error.
*1100 Plaintiffs went into possession of the disputed tract in 1940, when they fenced the entire forty-acre tract. Their acts of corporeal possession included building and maintaining fences, grazing cattle, cutting timber and setting up a mobile home. No evidence to show interruption of their possession was introduced.
Defendants assert that the failure of Charles Mulkey to testify should be construed adversely to plaintiffs. The mental condition of Charles Mulkey was evidently discussed prior to trial. Furthermore, it is likely that his testimony would have been cumulative. We find no error.
For these reasons, the judgment of the trial court is affirmed with costs assessed to the defendants.
AFFIRMED.
NOTES
[1] Dale A. Mulkey, Charles Otis Mulkey, Joanne Mulkey Mulnor and Bessie Mulkey Fussell acquired the disputed tract from the original parties plaintiff, Charles Mulkey and Robie Grace Mulkey on December 11, 1979, and were substituted as plaintiffs.
[2] Dameron Investment Corporation intervened in the proceeding alleging that it acquired the property from four of the originally named defendants on November 12, 1974. Plaintiffs subsequently amended their petition naming as defendants, Stanley Dameron, Edward P. Dameron, his wife, Eleanor Ellis Dameron, Charles E.C. Dameron and his wife, Betty Morris Dameron, who acquired Dameron Investment Corporation's purported interest in the property on February 5, 1979.
[3] La.Civil Code Art. 3488:

As to the fact itself of possession, a person is presumed to have possessed as master and owner, unless it appears that the possession began in the name of and for another.
[4] La.Civil Code Art. 3520:

Prescription ceases likewise to run whenever the debtor, or possessor, makes acknowledgement of the right of the person whose title they prescribed.