274 So.2d 842 (1973)
William CAMPBELL, Plaintiff-Appellant,
v.
DIAMOND M DRILLING COMPANY, INC., et al., Defendants-Appellees.
No. 4097.
Court of Appeal of Louisiana, Third Circuit.
March 12, 1973.
Rehearing Denied April 2, 1973.
*843 Edwards, Stefanski & Barousse by Homer E. Barousse, Jr., Crowley, for plaintiff-appellant.
Holt & Woodley by James E. Williams, Lake Charles, for defendants-appellees.
Before FRUGE, MILLER and DOMENGEAUX, JJ.
FRUGE, Judge.
Plaintiff-appellant, William Campbell, instituted this action against B & M Trucking Company, Inc., and its public liability insurer, Travelers Insurance Company, defendants-appellees, for personal injuries sustained from an alleged accident. The lower court rejected plaintiff's demands and dismissed the suit. We affirm.
In its inception this action was complex; it involved demands under state, federal, and maritime laws. In addition to suing B & M Trucking, Inc., and its insurer, plaintiff had sued Union Producing Company, Schlumberger Well Surveying Corporation, Schlumberger Technology Corporation, Diamond M Drilling Company, and Pennzoil United, Inc. However, most of the prospective litigation was resolved by compromise and this action involves the plaintiff's claims for damages which allegedly resulted from negligence on the part of B & M Trucking Company, Inc., and its truck driver, Odelon Hebert, in connection with the delivery of an oilfield tool at Union Producing dock in Cameron Parish, Louisiana, on October 20, 1968.
Mr. William Waller, Jr., the manager of the New Iberia Schlumberger district, testified that the tool involved in this litigation is commonly called a FDC Sonde. He stated that when an FDC tool is delivered in a vehicle it is commonly disassembled into two pieces; the heavier piece weighs approximately 240 pounds.
*844 The facts surrounding the alleged accident follow: Plaintiff was the operator of a crewboat owned by Diamond M Drilling Company, Inc. On the night of the alleged accident, plaintiff was instructed by his superior to proceed to Union Producing dock and pick up a tool which belonged to Schlumberger Well Surveying Corporation. Schlumberger Well Surveying Corporation contracted with B & M Trucking Company, Inc. to deliver the tool to the dock. Plaintiff was then to transport the tool to a submersible drilling barge engaged in the drilling for oil.
Mr. Odelon Hebert, an employee of B & M Trucking Company, Inc., was sent to the dock by his employer for the purpose of delivering the tool to the awaiting crewboat. Sometime between 1:00 a. m. and 1:30 a. m., Mr. Hebert and plaintiff unloaded the tool from the truck and placed it on the boat. Thereafter, both Hebert and plaintiff departed. After a thirty minute run plaintiff reached the drilling barge at about 3:00 a. m. The tool, a very sensitive instrument, arrived undamaged.
Plaintiff alleges: (1) "the accident occurred when Odelon Hebert somehow lost control of the end of the tool that he was lifting from the truck"; (2) when Odelon Hebert dropped the tool, plaintiff dropped his end of the tool off his right shoulder and immediately felt burning pain in the lower part of his abdomen; and (3) plaintiff sustained severe personal injuries which included multiple hernias or ruptures, the loss of one testicle, atrophy of the other, causing him to suffer the condition of being a functional eunuch.
The plaintiff argues that the District Court committed reversible error in holding that (1) no accident occurred on the dock in Cameron Parish, and (2) no accident occurred where the medical evidence substantiated it.
On the material issue of what transpired at the dock, we have only the testimony of the plaintiff and B & M's truck driver, Odelon Hebert.
The plaintiff testified that Schlumberger called for the tool during the early morning hours; that the tool was in one piece resting on a rack on the right side of the truck; that Mr. Hebert and plaintiff pulled the tool from the rear of the rack and plaintiff placed its large end on his right shoulder, that Hebert slipped or fell in some manner and dropped his end of the tool; and that because of the tool's weight shifting, plaintiff immediately felt the pain in the lower abdomen region. Plaintiff went on to state that he and Hebert then picked up the tool and placed it on the boat. Plaintiff stated the severity of the pain increased during the 25 minute return trip to the barge so that he was unable to perform his duties as a crewboat operator thereafter.
Mr. Odelon Hebert specifically contradicts plaintiff's testimony relating to the alleged accident. Mr. Hebert testified that he never dropped the tool; that plaintiff never complained of pain during the unloading procedure; that he had no knowledge of plaintiff ever injuring himself during the unloading; and that the tool was not placed on plaintiff's shoulder, but the large end was lowered from the rack and laid on the ground. The unloading procedure was described by Mr. Hebert at Tr. 530:
"Yes, sir. We slid it off the truck, one end on the ground; came back to the truck, picked the other end and rest it on the ground and drug it to the boat."
Plaintiff contends: the medical evidence shows that plaintiff suffered severe disabling personal injuries and it positively concurs that the type of injuries sustained by plaintiff were caused by the type of injury described by the claimant. In support of this, is submitted the testimony of a number of experts including two urologists, a general surgeon, a neurosurgeon, and a psychiatrist. Some of the experts testified *845 that the type of injuries sustained by the plaintiff could have been caused by the type of accident described by plaintiff. The experts all concurred that plaintiff had a bilateral hernia. However, plaintiff had a history of hernia problems and there is no medical evidence which relates the plaintiff's present physical condition to any happenstance on the dock on the night in question.
In written reasons for judgment, the District Court stated the crux of the instant case as follows:
"Thus, it appears that the decision in this case necessarily involves the burden of proof and credibility of the two principal witnesses. This court was much more favorably impressed with the testimony of Odelon Hebert than that of William Campbell and, all things considered, it concludes the plaintiff has failed to establish by a preponderance of the evidence that his condition was caused in the manner he contends or by any negligence on the part of Odelon Hebert or B & M Trucking Company, Inc."
It is fundamental law that plaintiff must establish his case by a preponderance of evidence. The trial court found that plaintiff did not meet this burden. Factual findings of a trial court are entitled to great weight and should be affirmed in the absence of a showing of manifest error. Ashford v. Richards, 228 So.2d 530 (La.App. 1st Cir., 1969). Evaluation of credibility of witnesses is primarily within the province of the trier of fact. Valentine v. J. D. Marcom Service & Supply Co., 128 So.2d 218 (La.App. 2nd Cir., 1960). We are unable to hold that the trial court committed manifest error in accepting, instead of plaintiff's testimony, the testimony of Mr. Hebert.
Finding no error in the judgment appealed from, we affirm the dismissal of plaintiff's suit. The costs of this appeal are to be paid by plaintiff-appellant.
Affirmed.