HOOD, Judge.
Mr. and Mrs. Oscar Ford instituted this suit for damages allegedly sustained by them as the result of a motor vehicle collision. Defendants are Shelton E. Eubanks and his insurer, State Farm Mutual Automobile Insurance Company. The defendants answered denying liability, and they filed a third party action against Mr. Ford seeking contribution in the event they were held to be liable to Mrs. Ford. Judgment was rendered by the trial court in favor of defendants, rejecting plaintiffs’ demands. Plaintiffs appealed.
The issues presented are largely factual. Generally, the issues are whether defendant Eubanks was negligent, and if so whether plaintiff Ford also was negligent. A resolution of those issues involves a determination of the credibility of witnesses.
The accident occurred about 11:30 A.M. on June 10, 1973, near the entrance to Hodges Gardens, on U. S. Highway 171, in Sabine Parish. The highway at that point *789 is a two-lane, asphalt covered thoroughfare running generally north and south. Hodges Gardens is located on the east side of the highway, and there is a broad asphalt surfaced apron on the east shoulder of the roadway, extending from the edge of the highway to the entrance and exit gates of Hodges Gardens. '
Immediately before the accident occurred Mr. Ford was driving his Chevrolet pickup truck south on Highway 171, toward Hodges Gardens, and Mrs. Ford was riding as a passenger in the truck with him. They were en route to Hodges Gardens where they planned to meet their daughter and son-in-law, who were waiting for them at the entrance gate. When Ford approached the entrance to Hodges Gardens, he turned his truck to his left, crossed the north-bound lane of traffic, and drove onto the apron directly in front of the entrance and exit gates of the gardens. After the pickup truck was driven onto that apron, the right side of the truck was struck by the front of a Plymouth automobile being driven by defendant Eubanks. Eubanks’ wife and children were riding in the car with him. As a result of that accident, Mrs. Ford sustained the injuries which form the basis for this suit.
Eubanks had been driving north on Highway 171 at a speed of about 50 miles per hour immediately before the vehicles collided. The evidence shows that the collision occurred on the above mentioned apron at a point three or four feet east of the east edge of the pavement, and that the Eubanks’ automobile skidded 96 feet before it struck the pickup truck. The skid marks began in the east or north-bound lane of traffic, and they continued in a straight line, running partially off the east edge of the highway to the point where the collision occurred.
The weather was clear, the highway was dry and visibility was good at the time the accident occurred. The highway traverses or runs over a hill just south of the entrance to Hodges Gardens, the crest of that hill being located from ISO to 300 feet south of the entrance gate. There is a gradual curve in the highway immediately north of the entrance to the gardens, the curve being such that a motorist traveling south on the highway has to turn to his right shortly before he reaches the entrance and exit gates.
The highway was marked with double yellow, no-passing lines extending northward a substantial distance from the entrance to Hodges Gardens. Those lines served to prohibit Mr. Ford, a south-bound motorist, from crossing the center line of the highway, or from turning to his left, until he reached a “break,” a “skip” or an “opening” in the yellow line in his lane, which was located immediately opposite the entrance gate to Hodges Gardens.
Plaintiff Ford testified that he remained in the south-bound lane of traffic until he reached the “break” in the yellow line opposite the entrance gate, and that he then properly turned to his left through the break or opening in the yellow line and drove onto the apron-in front of the entrance to the gardens. He stated that he brought his truck to a stop, and that the truck was stationary when it was struck by the Eubanks’ car. Ford’s testimony is supported by that of his wife and that of his daughter and son-in-law.
Defendant Eubanks testified that when he reached the crest of the hill a short distance south of the entrance to Hodges Gardens, he saw plaintiff’s pickup truck cross the double yellow lines and enter Eu-banks’ lane of traffic some distance north of the entrance to the gardens, and that plaintiff then began angling across the north-bound lane of traffic toward the apron which was in front of the entrance and exit gates. Eubanks stated that he applied his brakes immediately in an unsuccessful effort to avoid an accident, that his car skidded a substantial distance, and that plaintiff’s pickup truck was still moving at the time of the collision. His testimony is supported by that of his wife.
*790 The trial judge, accepting largely the testimony of Eubanks, concluded that plaintiff Ford turned to his left and entered the north-bound lane of traffic at a point north of the entrance gates to Hodges Gardens, that he crossed the yellow line in his lane before he reached the “break” or “skip” in that line, that his left turn was begun at a time when Ford could not see the approaching Eubanks vehicle and when Eubanks could not see him, and that Ford then angled across the opposing lane of traffic while driving at a relatively slow speed. The trial judge found that the Ford vehicle was moving at the time of the collision, that the point of impact was three or four feet east of the east edge of the highway, and that the vehicles collided at a point north of the entrance gate to the gardens, before plaintiff’s pickup truck ever reached the “break” in the double yellow lines. In his reasons for judgment, the trial judge said:
“Also, the point of impact was approximately opposite the exit gate, and at a point north of the only place, where the heretofore described ‘break’ in the west lane yellow line exists. In other words, even at the termination of the Ford vehicle’s long, slow, angling turn, and after he had gotten three or four feet off the highway he was still north of the only place where he could have legally made a left turn. Or stated another way, Mr. Ford had still not proceeded far enough south to make a legal left turn.”
Based on those factual findings, the trial judge concluded that plaintiff Ford was negligent in crossing the yellow line in his lane of traffic and angling across the opposing lane of traffic in front of the approaching Eubanks car, and that his negligence in that respect created a sudden emergency for Eubanks. He held that Eu-banks was driving at a reasonable rate of speed, that he acted reasonably in attempting to avoid a collision, and that he was free from negligence. His ultimate conclusion was that “the proximate cause of the collision was the negligence of Mr. Ford in 'straightening out the curve,’ and crossing against the yellow line, in the above described left turn maneuver.”
The established rule is that the factual findings of the trial court, particularly when those findings are based upon evaluations of the credibility of witnesses, are entitled to great weight and should not be disturbed unless found to be clearly erroneous. Campbell v. Diamond M. Drilling Company, Inc., 274 So.2d 842 (La.App. 3 Cir. 1973); McVay v. McVay, 276 So.2d 926 (La.App. 3 Cir. 1973).
We have reviewed the evidence in the instant suit and have concluded that it supports the conclusions reached by the trial court.
Plaintiffs point out, correctly, that Eubanks testified that the collision occurred in the north-bound lane of traffic, whereas the physical facts established at the trial show that it actually occurred three or four feet off the edge of the highway. They argue that the legal maxim “falsus in uno, falsus in omnibus” should be applied, and that the entire testimony of defendant Eubanks and his wife thus should be rejected. The trial court refused to apply that maxim, explaining that the apron adjoining the highway at that point was of the same construction and was on the same level as the highway, and that Eubanks might reasonably have thought that the collision occurred on the traveled portion of the highway rather than on the apron.
We agree with the trial judge, for the reasons assigned by him, that the above rule should not be applied here. If it should be applied, then it also would require the rejection of plaintiff Ford’s testimony, since Ford testified incorrectly that he remained in his lane of traffic until he reached a “break” in the yellow line in his lane, whereas the physical evidence shows clearly that he crossed the yellow line long before he reached the “break” in it. It is the duty of the trial judge to eval *791 uate the evidence and to determine the credibility of witnesses. We cannot say that he erred or abused his discretion in accepting largely the testimony of Mr. and Mrs. Eubanks, despite the above mentioned discrepancy between their statements and the physical facts.
Plaintiffs argue further that defendant Eubanks had the last clear chance to avoid the accident. The trial judge rejected that argument, holding that “Mr. Eubanks exercised every effort at his disposal to avoid the collision, and certainly went beyond the ‘exercise of reasonable care’ test.”
We agree that Eubanks saw plaintiff’s pickup truck cross the yellow line and enter the opposing lane of traffic as soon as it was reasonably possible for Eubanks to do so, and that he exercised reasonable care thereafter in attempting to avoid the accident. The evidence indicates that plaintiff Ford, rather than Eubanks, actually had the last clear chance to avoid the accident. It seems to us that Ford could have avoided the accident if he had seen the approaching Eubanks automobile as soon as he reasonably should have seen it, and then had turned back to his proper lane of traffic before the vehicles met. In any event, we agree with the trial court that Eubanks was free from negligence, and that he did not have the last clear chance to avoid the accident.
Plaintiffs argue, finally, that Eu-banks is presumed to have been negligent when he collided with a “parked vehicle” off the traveled portion of the highway. We have found, as did the trial court, that plaintiff’s vehicle was not parked at the time the collision occurred, but instead that it was moving. There thus is not merit to that argument of plaintiffs.
Our ultimate conclusion is that plaintiff Ford was negligent in crossing the yellow line in his lane of traffic and angling across the north-bound lane of traffic when it was unsafe for him to do so, that his negligence in that respect was the sole proximate cause of the accident, and that the judgment of the trial court rejecting plaintiffs’ demands thus is correct.
For the reasons assigned, the judgment appealed from is affirmed. The costs of this appeal are assessed to pl'aintiffs-appel-lants.
Affirmed.