333 So.2d 453 (1976)
Louis CULPEPPER, Plaintiff-Appellant,
v.
NATCHITOCHES PARISH SCHOOL BOARD, Defendant-Appellee.
No. 5480.
Court of Appeal of Louisiana, Third Circuit.
May 26, 1976.
Rehearing Denied June 30, 1976.
*454 Holloway, Baker, Culpepper & Brunson by Jim Beal, Jonesboro, for plaintiff-appellant.
Watson, Murchison, Crews & Arthur by R. Raymond Arthur, Natchitoches, for defendant-appellee.
Before MILLER, WATSON and BERTRAND, JJ.
BERTRAND, Judge.
Louis L. Culpepper instituted this action against the Natchitoches Parish School Board seeking damages and injunctive relief. He contends that the School Board allowed sewage to drain across his property causing physical damage to the property. Coupled with his demand for damages is a prayer for a permanent injunction to prevent the School Board from draining the sewage from its property onto his. Culpepper appeals from the judgment of the trial court dismissing his demands. We affirm.
The Natchitoches Parish School Board maintains and administers a school on property adjacent to Culpepper's property. Culpepper contends that the underground septic tank and accompanying sewerage system used to serve the school is defective and therefore allows raw sewage to flow across his property. The sewerage system is of the type which filters out all impurities so that the eventual discharge is a clear effluent. The effluent drains into a drainage ditch which traverses the properties of Culpepper and the School Board and eventually drains into Bayou Natchez. The drainage ditch also drains surface water from above the School Board property into the Bayou.
After Culpepper filed this action and prior to trial, the School Board constructed a special field line which drains the effluent directly into the Bayou. Culpepper's demand for a permanent injunction is therefore moot.
A plaintiff must establish his case by a clear preponderance of the evidence. Naquin v. Marquette Casualty Company, 244 La. 569, 153 So.2d 395 (La.1963); Campbell v. Diamond M. Drilling Company, Inc., 274 So.2d 842 (3rd Cir.La.App. 1973). He must also prove with legal certainty every item of damages claimed. Foggin v. General Guaranty Insurance Co., 207 So.2d 176 (2nd Cir.La.App.1967); Fox v. American Steel Building Company, Inc., 299 So.2d 364 (3rd Cir.La.App.1974).
The trial judge found that the evidence failed to establish, by a preponderance of the evidence, that Culpepper had sustained damages. A careful review of the testimony supports the trial judge's conclusion. Culpepper's witnesses included himself, his two (2) sons, and Loomis Metoyer, a tenant of Culpepper's. The two sons testified that they noticed discolored water on Culpepper's property which smelled like raw sewage.
Metoyer testified that he did notice an odor at times but never paid much attention to it. He thought it was probably rotten water.
The evidence shows that the sewerage system was constructed and maintained in conformity with all laws and regulations regarding sanitation and was approved by the State Health Department. Monthly sanitary inspections were conducted at the school and twice a year there was a general inspection of the sewerage system. Mr. Raymond Slaughter, the chief sanitarian for the Natchitoches Parish Health Department, and Mr. Stephen Dowden, an employee of the Louisiana State Health Department, testified that, in addition to the regular inspections, they made special inspections of the system at the request of the School Board and found the system to be functioning properly. They found the *455 effluent which flowed through the drainage ditch to be colorless and odorless.
Inspections were also conducted by Mr. Henry Barrow, the principal of the school, and Mr. Johnny Manning, an investigator for the District Attorney's office. They testified that they, too, found that the sewerage system was functioning properly, the effluent was clear, and that there was no odor.
Mrs. Alberta Bradley, a neighbor of Culpepper's for eight (8) years, who lives within twenty (20) or thirty (30) feet from the drainage ditch testified that she never noticed any odor from the effluent flowing in the ditch.
Mr. Leslie Graham, an employee of the School Board, and Mr. W. J. Bullock, a former superintendent of schools, testified that they received no complaints from Culpepper about the effluent until 1974. Culpepper contends that he had been complaining about the effluent since 1970.
Culpepper contends that the operation of the sewerage system by the School Board caused physical damage to his property, depreciation in its value, loss of use of property, and constituted a constructive trespass. He also asks for attorney's fees. The only evidence presented by Culpepper to show damage was his testimony that he intended to subdivide his property into residential lots and that his plans were delayed because of the drainage of the effluent. Culpepper's own son testified that he was unaware of his father's intention to subdivide the property. Culpepper offered no evidence whatsoever to show physical damage, loss of use, or depreciation. The trial court's conclusion that Culpepper failed entirely to prove by a preponderance of the evidence that he sustained damage is supported by the record.
For the above and foregoing reasons, the judgment of the district court is affirmed. Cost at trial and on appeal are assessed against the plaintiff.
AFFIRMED.