334 So.2d 705 (1976)
ALISON MORTGAGE INVESTMENT TRUST, Plaintiff-Appellee,
v.
COMMERCIAL LEASING AND FINANCING CO., INC., et al., Defendants-Appellants.
No. 5537.
Court of Appeal of Louisiana, Third Circuit.
July 6, 1976.
*706 Harold Savoie, Lafayette, for defendants-appellants.
Martin & Leonard by James R. Leonard, Lafayette, for defendants-appellees.
Breazeale, Sachse & Wilson by Frank P. Simoneaux, Baton Rouge, for plaintiff-appellee.
Charles N. Wooten, George J. Champagne, Jr., Lafayette, for exceptors-appellees.
Davidson, Meaux, Onebane & Donohoe by William H. Lambert, Lafayette, for Int-appellee.
Before HOOD, WATSON and PETERS, J.
HOOD, Judge.
Plaintiff, Alison Mortgage Investment Trust, instituted this proceeding by executory process seeking to foreclose on a mortgage affecting immovable property in Lafayette Parish. The defendants are Commercial Leasing and Financing Company, Inc., William C. Rozelle and Marbane Investments, Inc. In the course of that proceeding, the property was sold by *707 the sheriff of Lafayette Parish, and it was adjudicated to plaintiff Alison.
The day after the foreclosure sale was completed, defendants Commercial and Rozelle filed (1) a third-party action against Carlo P. Listi, Sheriff of Lafayette Parish, seeking to have that sale decreed to be null and void and to recover damages; (2) an "answer and reconventional demand" seeking to recover damages from plaintiff Alison; and (3) a notice of lis pendens.
Plaintiff Alison filed an exception of vagueness to defendants' reconventional demand, and it also filed a motion seeking to have the notice of lis pendens cancelled. A hearing was held on the exception and motion, and judgment was rendered by the trial court on January 13, 1976, sustaining the exception of vagueness and allowing defendants (plaintiffs-in-reconvention) a period of time within which to amend their reconventional demand. A separate judgment was rendered by the trial court on January 15, 1976, ordering that the notice of lis pendens be cancelled.
Third-party defendant Listi filed a motion for a summary judgment dismissing the third-party demands of Commercial and Rozelle. A hearing on that motion was held after the above decrees had been signed, and a summary judgment was rendered by the trial court on February 5, 1976, dismissing the third-party demand which had been filed by Commercial and Rozelle.
Defendants Commercial and Rozelle moved for and were granted a devolutive appeal from the judgment rendered on January 13 (sustaining the exception of vagueness) and the judgment rendered on January 15, 1976 (ordering that the notice of lis pendens be cancelled). They also moved for and were granted a separate devolutive appeal from the judgment rendered on February 5, 1976, dismissing their third-party demand against Sheriff Listi.
The issues presented on these appeals are: (1) Are defendants, Commercial and Rozelle, entitled to maintain an action to annul the sale made under executory process on the grounds alleged here? (2) Is the decree of the trial court sustaining the exception of vagueness to defendants' reconventional demand an appealable judgment, and if so, have defendants waived their right to appeal by voluntarily acquiescing in that judgment? And (3), is plaintiff entitled to have the notice of lis pendens filed by defendants cancelled?
On June 29, 1973, defendants Commercial and Rozelle executed a promissory note for $1,918,000.00, made payable on demand to the order of plaintiff Alison. That note is secured by and is paraphed for identification with an act of mortgage executed on that date by Commercial in favor of Alison, affecting property in Lafayette Parish.
On December 4, 1974, plaintiff Alison filed this suit seeking to foreclose by executory process on the above note and mortgage. It alleged that the obligation had been assumed by Marbane, and for that reason it named that corporation as a party defendant. Marbane, however, is not involved in any of the issues which are presented here.
A supplemental petition was filed on December 30, 1974, and on that date an order was issued by the trial court directing the Sheriff of Lafayette Parish to seize and sell the property described in the above mortgage, with appraisement, at public auction. The sheriff issued a notice to the defendants on January 3, 1975, notifying them of the seizure and sale, which sale was scheduled to be held on February 19, 1975, and directing them to appear at his office on February 17 to appoint appraisers to value the property. That notice was served on Commercial and Rozelle on January 8, and on Marbane on January 9, 1975. The sale was advertised properly.
*708 The appraiser appointed by plaintiff valued the property at $1,500,000.00 and the appraiser appointed by defendants valued it at $2,921,000.00. It became apparent that the appraisers could not agree, so the sheriff appointed Sidney P. Flynn as a third appraiser, pursuant to LSA-R.S. 13:4365. Flynn valued the property at $1,913.336.00. All of the appraisers were duly sworn, they reduced their appraisement to writing and signed it, and they delivered it to the sheriff on the date scheduled for the sale. Sheriff Listi informed defendants prior to the sale that the appraisers appointed by the parties could not agree, and that he was appointing Flynn as the third appraiser. The evidence is uncontradicted that defendants concurred in that appointment before the sale was held.
Immediately after the public auction of the property was commenced, Commercial and Rozelle, through their attorneys, presented to the deputy sheriff who was conducting the sale a written "objection" to that sale, demanding that the auction of the property be discontinued. The sheriff advised defendants, in effect, that a court order had been issued directing him to sell the property, and that he would continue with the auction unless defendants obtained an injunction prohibiting him from doing so. The defendants advised the sheriff that they would not seek an injunction, but that instead they would file and rely on the above "objection" which had been presented to the sheriff. The sale was continued, and the property was adjudicated to plaintiff Alison, it being the highest bidder, for the price of $1,300,000.00. The bid submitted by plaintiff was for more than twothirds the value of the property, as appraised by Flynn.
On February 20, 1975, the day after the sale was completed, Commercial and Rozelle filed a pleading entitled "Supplemental Pleadings-Suit Attacking Sheriff's Sale," in which they alleged that the sale was invalid because (1) the appraisement of the property was improper; (2) the public auction of the property was continued after defendants' objection to the sale was made known to the sheriff; and (3) the advertisement of the property was inadequate. The sole defendant named in that action was Sheriff Listi. Defendants prayed for judgment against him invalidating the sale and condemning him to pay them damages in the sum of $3,500,000.00. We consider that action to be a third-party demand against Sheriff Listi. As a basis for their claim that the appraisement was improper, defendants allege that Flynn "does not qualify to appraise such a hunk of property, and his appraisement should be completely discounted and reduced to naught."
There is no genuine issue as to any of the above facts.
The principal question presented is whether defendants Commercial and Rozelle are entitled to maintain this action to annul the sale made under executory process on any of the grounds alleged, considering the fact that they did not enjoin that sale and they did not appeal suspensively from the order directing that a writ of seizure and sale be issued.
The general rule is that defenses and procedural objections to a proceeding by executory process may be asserted only (1) through an injunction to arrest the seizure and sale, or (2) by a suspensive appeal from the order directing the issuance of a writ of seizure and sale, or both. See LSA-C.C.P. art. 2642, and Comment (a) under that article.
Our courts, however, have recognized an exception to the above general rule. The jurisprudence is established to the effect that a mortgagor who has failed to enjoin the sale of property by executory process, or who did not take a suspensive appeal from the order directing the issuance of the writ of seizure and sale, nevertheless may institute and maintain a direct action to annul the sale on certain limited grounds, provided that the property was *709 adjudicated to and remains in the hands of the foreclosing creditor. See Viley v. Wall, 154 La. 221, 97 So. 409 (1923); Doherty v. Randazzo, 128 So.2d 669 (La.App. 4 (Cir. 1961); Tapp v. Guaranty Finance Co., 158 So.2d 228 (La.App. 1 Cir. 1963); Powell v. Carter, 233 So.2d 369 (La.App. 1 Cir. 1970); Jambois O. & M. Machine Shop, Inc. v. Dixie Mill Supply Company, 218 So.2d 672 (La.App. 4 Cir. 1969); League Central Credit Union v. Montgomery, 251 La. 971, 207 So.2d 762 (1968); Ford Motor Credit Company v. Herron, 234 So.2d 517 (La.App. 3 Cir. 1970); Reed v. Meaux, 292 So.2d 557 (La. 1973).
Until recently, our jurisprudence was unsettled as to the grounds upon which a debtor who did not enjoin the sale or did not take a suspensive appeal could maintain a direct action to annul the sale made under executory process. In Reed v. Meaux, supra, however, our Supreme Court made it clear that a sale through executory process can be attacked by means of a direct action, filed after the sale has been completed, solely on the ground that there were defects in the proceedings which are substantive in character and which strike at the foundation of the executory proceeding. The court held that the authentic evidence required by Article 2635 of the Louisiana Code of Civil Procedure, to support every link in the necessary chain of evidence in an executory proceeding, is the "very foundation" of such a proceeding, and that the mortgage debtor in such a proceeding may maintain an action to annul the sale on the ground that the authentic evidence required by Article 2635 is lacking, even though he has failed to enjoin the sale or to appeal suspensively from the order directing the issuance of the writ of seizure and sale, provided that the property was adjudicated to and remains in the hands of the foreclosing creditor.
The court also indicated in Reed that any alleged defects in the sale, other than a failure to comply with LSA-C.C.P. art. 2635, are "defects of form," which are not substantive in character, and that such defects cannot serve as grounds for maintaining a direct action to annul the sale. See Reed v. Meaux, supra, and 35 La.L.Rev. 456-460.
In the instant suit Commercial and Rozelle do not allege in their third-party demand against Sheriff Listi a failure to comply with any of the provisions of LSA-C.C.P. art. 2635. They do not allege the lack of authentic evidence as required by that article of the Code of Civil Procedure, and they point out no defects in the sale which are "substantive in character" or which are fundamental to or strike at the foundation of the executory process. The only defects in the sale asserted in their third-party petition are "defects of form," as that term is used by the Supreme Court in Reed v. Meaux, supra.
The defendants in this foreclosure proceeding did not seek to enjoin the seizure and sale, they did not appeal suspensively from the order which directed the issuance of the writ of seizure and sale, and they have alleged no fraud or conspiracy on the part of plaintiff Alison, Sheriff Listi or anyone else.
We conclude that defendants Commercial and Rozelle are not entitled to maintain a direct action to annul the sale made under executory process on the grounds alleged here. We thus find no error in the judgment of the trial court which dismisses their third-party action against Sheriff Listi.
Having concluded that defendants are not entitled to maintain their third-party action to annul the sale on the grounds alleged, it is unnecessary for us to consider the additional question presented as to whether such an action, even if based on valid grounds, could be maintained solely against the sheriff, without making the foreclosing creditor a party to the suit. It also is unnecessary for us to determine *710 whether the receivable and uncontradicted evidence shows that there has been a defect of any kind, even of form, in the proceedings.
Since we have decided that there is no error in the judgment of the trial court which dismisses the third-party action filed by Commercial and Rozelle, it logically follows that the trial court also did not err in the judgment which it rendered on January 15, 1976, ordering that the notice of lis pendens filed by those defendants (thirdparty-plaintiffs) be cancelled from the records of Lafayette Parish.
We turn now to the question of whether the trial court erred in its judgment rendered on January 13, 1976, sustaining the exception of vagueness which Alison filed to defendants' reconventional demand.
The judgment sustaining that exception is neither a final judgment, nor is it an interlocutory judgment which may cause irreparable injury. Defendants thus are not entitled to appeal from that judgment. LSA-C.C.P. art. 2083; LaFleur v. Dupuis, 147 So.2d 724 (La.App. 3 Cir. 1962).
The record also shows that five days after the above judgment was rendered, defendants voluntarily filed an amended answer and reconventional demand in which they particularized the vague allegations contained in their original pleadings, all in compliance with the judgment rendered by the trial court. Defendants thus voluntarily and unconditionally acquiesced in that judgment, and the question of whether the trial court erred in rendering that judgment is now moot.
We have decided that the appeal taken from the judgment rendered by the trial court on January 13, 1976, sustaining the exception of vagueness filed by plaintiff Alison must be dismissed at appellants' cost.
For the reasons herein set out, we hereby dismiss the appeal taken by defendants (plaintiffs-in-reconvention) from the judgment rendered by the trial court on January 13, 1976, sustaining the exception of vagueness heretofore filed by Alison Mortgage Investment Trust to the reconventional demand filed by said defendants. We hereby affirm (1) the judgment rendered by the trial court on January 15, 1976, ordering the cancellation of the notice of lis pendens from the records of Lafayette Parish, and (2) the summary judgment rendered by the trial court on February 5, 1976, dismissing the third-party action instituted by defendants, Commercial Leasing and Financing Co., Inc., and William C. Rozelle, against Sheriff Carlo P. Listi.
The costs of this appeal are assessed to appellants Commercial Leasing and Financing Co., Inc., and William C. Rozelle.
APPEAL DISMISSED AS TO ONE JUDGMENT; AFFIRMED AS TO REMAINING JUDGMENT.