DOMENGEAUX, Judge.
Plaintiff, Dwight Savoie, purchased a new Pontiac Firebird from defendant, Don Siebarth Pontiac, Inc. Several weeks after its purchase, the car developed a rattle, and a mechanic in Cameron, Louisiana, subsequently discovered sugar cubes in the gas tank, which were removed. About six months after the purchase the motor malfunctioned and it was completely replaced by Don Siebarth Pontiac. There was some dispute as to whether a new engine was necessary and as to whether plaintiff authorized the replacement of the engine, but after defendants General Motors (manufacturer of the car) and Don Siebarth denied warranty coverage, plaintiff paid for the replacement cost and instituted this redhibi-tory action. The district judge held for the plaintiff, and against the named defendants in solido, but only awarded a reduction in price to the extent of the amount the repairs would have cost had a new engine not been installed. Attorney’s fees were also awarded, but were cast solely against General Motors.[1] Plaintiff has appealed asking for the complete cost of the new engine and damages for his inconvenience. Defendant General Motors Corporation has answered the appeal praying that the judgment in favor of the plaintiff be reversed at the latter’s costs. We affirm the holding of the district court.
The trial judge in his oral reasons for judgment laid out the evidentiary basis for his holding:
“The dealer’s mechanic testified that when the engine was taken apart he found the crankcase was defective in that two rod bearings and two pistons were scarred to some extent. He also noticed what he thought was a burning smell in the oil, and the witness expressed the opinion that the damage had resulted from the operation of the motor without sufficient water or oil.
There is a dispute in the testimony as to what happened at this time. The plaintiff said he was told by the service manager that the repairs would be covered either under the warranty or by the insurer, and that he wanted a new engine; whereas the service manager testified that he did not make any such statement. He said he told the plaintiff he would try to help him with his claim, either under the warranty or against the insurer, but that he made no commitment in this respect. The service manager also testified he would not have replaced the block and undertaken the extensive repairs that were actually made on the vehicle had it not been for the plaintiff’s insistence that he do so.
The preponderance of evidence is to the effect that while some additional repairs were necessary at this point and it was not then known just what caused the engine not to operate properly, it was unnecessary to. replace the engine block.
The Court concludes either that the crankshaft or some other part of the engine which was replaced when the car was finally repaired was defective or malfunctioned, and this caused the trouble.”
A trial judge may in his discretion award a reduction in price rather than rescind the sale in a suit based on redhibition. *212 See Civil Code Articles 2541 and 2543, and Wade v. McInnis-Peterson Chevrolet, 307 So.2d 798 at 802 (La.App. 1st Cir. 1975).
The case of Canter v. Koehring Company, 283 So.2d 716 (La.1973) succinctly states the rule of law applicable to the scope of review to be exercised by an appellate court:
“When there is evidence before the trier of fact which, upon its reasonable evaluation of credibility, furnishes a reasonable factual basis for the trial court’s finding, on review the appellate court should not disturb this factual finding in the absence of manifest error. Stated another way, the reviewing court must give great weight to factual conclusions of the trier of fact; where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable. The reason for this well-settled principle of review is based not only upon the trial court’s better capacity to evaluate live witnesses (as compared with the appellate court’s access only to a cold record), but also upon the proper allocation of trial and appellate functions between the respective courts.”
A review of the record satisfies us that the district judge did not abuse his discretion in finding a defect in the motor, nor in limiting the reduction in price to the amount the repairs would have cost without the installation of a new block for the engine. The plaintiff in brief prayed for damages for his inconveniences in addition to his expenses; however, his petition did not allege any such damages nor did he prove them at trial. The court was correct in its award of attorney’s fees. A manufacturer is presumed to know of the defects of the products he sells. See Rey v. Cuccia, 298 So.2d 840 at 847 (La.1974).
For the reasons assigned above, we affirm the district court’s award at appellant’s costs.

AFFIRMED.

ROGERS, J., concurs in result only.

. Plaintiff also joined his comprehensive insurer State Farm Mutual Automobile Insurance Company, as a party defendant alleging vandalism damages, but that claim was rejected and no appeal has been taken on that action.