HALL, Judge.
Defendants appeal from a judgment sustaining plaintiff’s exception of no cause of action to defendants’ petition for the arrest and injunction of the seizure and sale of defendants’ property under plaintiff’s foreclosure by executory process. The exception was filed and sustained after the property was sold at public sale. We affirm because defendants’ cause of action became moot after the property was sold.
Plaintiff filed a petition for executory process and the seizure and sale of certain property mortgaged to secure a note issued by defendants. The property was seized on May 2, 1978 and notice of seizure and sale was personally served on the defendants May 4, 1978. A petition for injunction to arrest the seizure and sale under executory process was filed by defendants June 22, 1978. It basically alleged payment in accordance with the terms of the note and prayed for a temporary restraining order, preliminary and permanent injunctions. The trial judge signed an order for plaintiff to show cause on July 20, 1978 why the seizure and sale should not be revoked and possession restored to defendants. The order did not grant or order the issuance of a temporary restraining order. However, on the same day a temporary restraining order was signed and issued by the deputy clerk of court. On July 19, 1978 plaintiff obtained an ex parte order vacating the temporary restraining order. In any event, the temporary restraining order had expired by the passage of ten days. LSA-C.C.P. Art. 3604. The contradictory motion set for July 20, 1978 was upset and refixed for August 24, 1978. On that date evidence was adduced in part and then the hearing was continued to September 18, 1978.
The sheriff’s return reveals the property was adjudicated at public sale to plaintiff on September 6, 1978. A writ of possession was issued September 12, 1978. On joint motion of the parties the hearing of September 18, 1978 was continued to September 21, 1978 at which time plaintiff filed an exception of no cause of action on the grounds that defendants’ demands were moot because the sheriff’s sale had already taken place. The trial judge signed the judgment sustaining the no cause of action on September 26, 1978. Defendants were granted a devolutive appeal.
In brief to this court, defendants, now represented by another attorney, argue that (1) it was error for the trial court to vacate without notice the temporary restraining order on which defendants were relying to protect their interest; (2) it was error not to grant the defendants a full evidentiary hearing on their contention that the sale should not be made; and (3) these errors amount to defects in the executory procéed-ings requiring the sale to be set aside.
Regardless of the validity of the temporary restraining order signed and issued by the deputy clerk of court, and regardless of the validity of the ex parte order setting it aside, the temporary restraining order expired after ten days under LSA-C.C.P. Art. 3604. There was no order in effect restraining the sheriff from proceeding with the sale.
Defendants were not denied an evidentia-ry hearing prior to the sale. Evidence was taken in part on August 24. It is not shown that defendants objected to the continuance of the hearing on that date. Defendants joined in a later motion to again continue the hearing.
Defendants, represented by counsel, did not take available procedural steps to prevent the sale or to secure a full evidentiary hearing prior to the sale.
Defendants’ demand to arrest or enjoin the sale became moot after the sher *301 iff’s sale took place. Culpepper v. Natchitoches Parish School Board, 333 So.2d 453 (La.App. 3d Cir. 1976), writs denied 338 So.2d 289 (La.1976); Barnes v. City of Hammond, 276 So.2d 746 (La.App. 1st Cir. 1973); Allen v. Commercial National Bank in Shreveport, 138 So.2d 252 (La.App. 2d Cir. 1962), affirmed 243 La. 840, 147 So.2d 865 (1962); Walters v. Childers, 214 La. 531, 38 So.2d 160 (1948); Rourke v. Coursey, 334 So.2d 480 (La.App. 3d Cir. 1976); Choate v. Cofield, 164 So.2d 601 (La.App. 3d Cir. 1964). The trial court properly sustained plaintiff’s exception of no cause of action and dismissed the petition for arrest and injunction of the sale. Any cause of action defendants may have to annul and set aside the sale for substantive irregularities in the proceedings must be asserted in a direct action seeking this relief. Reed v. Meaux, 292 So.2d 557 (La.1974); Alison Mtg. Inv. Tr. v. Commercial Leas. & Fin. Co., Inc., 334 So.2d 705 (La.App. 3d Cir. 1976). The instant proceeding is not such an action and does not seek such relief.
The judgment of the district court is affirmed at appellants’ costs.
Affirmed.