372 So.2d 758 (1979)
James MORAN, Jr.
v.
WILLARD E. ROBERTSON CORPORATION, International Auto Sales and Services, Inc., Volkswagen of America, Inc.
No. 10208.
Court of Appeal of Louisiana, Fourth Circuit.
June 5, 1979.
*759 Sessions, Fishman, Rosenson, Snellings & Boisfontaine, Cicero C. Sessions and J. David Forsyth, New Orleans, for Volkswagen *760 of America, Inc., defendant-appellant.
Cabibi & Cabibi, Charles E. Cabibi, New Orleans, for James Moran, Jr., plaintiff-appellee.
Before SAMUEL, BOUTALL and BEER, JJ.
BOUTALL, Judge.
This is a suit for rescission of a sale and damages due to a redhibitory defect present in an automobile.
James Moran, Jr., appellee, purchased a Volkswagen Dasher automobile from Willard E. Robertson Corporation on May 13, 1974. Volkswagen of America, appellant, was the importer of the vehicle. Approximately 35 days after the purchase, appellee was driving the vehicle when it made a loud noise and broke down, apparently due to transmission failure. The car was towed to Robertson Corporation for repair. Shortly thereafter, the dealership owned by Robertson Corporation ceased operation and the car was moved to Durham Motors for repairs.
In September, approximately 3 months after the breakdown Durham notified appellee that the car was repaired. When he went for it, however, he found that the car would not shift properly. Durham continued to attempt to repair the vehicle, but appellee refused delivery and demanded either a new vehicle or rescission of the sale. This suit was then filed naming several defendants, but the case proceeded to trial against Volkswagen of America only on the basis that the car contained a defect in manufacture. Judgment was rendered in favor of Moran and Volkswagen of America brings this appeal.
Appellant's main contention is that the trial court erred in rescinding the sale since no defect was shown and no redhibitory claim was proved. Appellants base this contention on the testimony of Ken Wolfe, the Service Manager who supervised the repair of the vehicle. Wolfe testified that the filler plug in the transmission was missing, causing the fluid to run out and the transmission to be destroyed. He also stated that approximately two weeks prior to the manifestation of the problem, Robertson Corporation had performed a 1,000 mile maintenance and apparently had left the filler plug off. Wolfe stated that the absence of the plug could not have originated at manufacture in view of the distance traveled and the short distance that a car can be driven without the plug. Appellant argues that this testimony, plus the absence of contrary evidence by appellee as to the cause of the defect requires that the decision be reversed.
To annul a sale and recover the purchase price based on a redhibitory defect, the buyer must prove that the defect existed before the sale to him. If he proves, however, that the product is not reasonably fit for its intended use, it is sufficient that he prove that the object is thus defective, without being required to prove the exact or underlying cause of the malfunction. Rey v. Cuccia, 298 So.2d 840 (La.1974). If the defect appears soon after the thing is put into use, a reasonable inference arises that the defect existed at the time of the sale, in absence of other explanation or intervening cause shown. Rey, supra. The ultimate question of the existence of a redhibitory defect is a question of fact which should not be disturbed in the absence of manifest error, or abuse of the wide discretion afforded the trial judge. Clinkscales v. Superior Pontiac-GMC, Inc., 365 So.2d 895 (La.App. 4th Cir. 1978).
The trial judge found that the appellees established facts sufficient to sustain the plea of redhibition. We do not find this decision to be "clearly wrong". See Arceneaux v. Domingue, 365 So.2d 1330 (La. 1978). The appellant's contention is based solely on the credibility of Wolfe that the plug was missing after the 1,000 mile checkup. Appellee testified that he had no recollection of having returned the car for a 1,000 mile checkup. Appellant could not produce any repair orders or documents showing that the automobile had been served at 1,000 miles, saying the records were mislaid. However, it did produce a *761 document showing that an inspection was made at 759 miles for the purpose of installing a license plate and examining the choke. This document is not proof of a 1,000 mile checkup involving the transmission, as appellant admits. Of itself, it tends to negate the filler plug theory of appellant. Its existence raises valid questions as to the failure of the appellants to produce documentary evidence of the 1,000 mile checkup. The trial court resolved this credibility question against appellants and we do not find this to be manifestly erroneous. Where there is a conflict in testimony, reasonable evaluations of credibility should not be disturbed even if the appellate court feels that its own evaluations are as reasonable. See Canter v. Koehring, 283 So.2d 716 (La.1973).
We do not find it necessary to decide the issue of the retroactive application of the Amendment to Article 2531[1] in this case. Even if the Article is applied to this fact situation, the testimony shows that appellee gave an adequate opportunity to repair over a three month period, and the car was still not properly repaired. He was, in fact, without the use of his car for this length of time. Article 2531, even if applicable, does not require more of a buyer. We also note jurisprudence holding that an opportunity to repair is unnecessary in redhibitory actions against a manufacturer. See Burns v. Lamar-Lane Chevrolet, Inc., 354 So.2d 620 (La.App. 1st Cir. 1977). In this case, Volkswagen of America as importer-distributor of the automobile occupies the position of manufacturer and is liable for the defective vehicle. See Media Production Consultants, Inc. v. Mercedes-Benz of North America Inc., 262 La. 80, 262 So.2d 377 (1972).
Appellant also contends that the trial court erred in awarding rescission of the sale and should have awarded a reduction in price rather than the full purchase price as damages. It also contends that the damages awarded were excessive in that the judgment awarded $383 for insurance, although there was no evidence presented at trial as to this amount.
The buyer is entitled to annul the sale and recover the purchase price upon proof of a redhibitory defect. Rey v. Cuccia, supra. The trial judge, however, may in his discretion award a reduction in price rather than rescind the sale in a suit based on redhibition. See Civil Code Article 2543 and Savoie v. Don Siebarth Pontiac, 345 So.2d 210 (La.App. 3rd Cir. 1977.) Such a decision would be based on a factual determination that the defect did not render the thing sold useless or totally unsuited to its purpose. See Davis v. Davis, 353 So.2d 1060 (La.App. 2d Cir. 1977). The trial judge here found that appellee was entitled to the return of the purchase price and, in view of the evidence, we agree.
The trial judge awarded appellee $6,460.51, apparently representing the purchase price, title, and tax, in the amount of $6,077.51 as shown by the bill of sale in evidence, plus $383 representing insurance for one year. There was, however, nothing offered at the trial to support this figure as the amount of insurance for one year. Further, since appellee refused delivery from Durham Motors approximately four months after the sale, he was required to mitigate his damages and should not be awarded insurance for an entire year.
It is therefore ordered that the judgment be amended to award damages in the amount of $6,077.51, together with legal interest from date of judicial demand, until *762 paid, and all costs in both courts, and so amended, affirmed.
AMENDED AND AFFIRMED.
NOTES
[1] Article 2531, as amended reads in part:

"Art. 2531. The seller who knew not the vices of the thing is only bound to repair, remedy or correct the vices as provided in Article 2521, or if he be unable or fails to repair, remedy or correct the vice, then he must restore the purchase price, and reimburse the reasonable expenses occasioned by the sale, as well as those incurred for the preservation of the thing, subject to credit for the value of any fruits or use which the purchaser has drawn from it.
This amendment became law on July 31, 1974, more than two months after the vehicle was purchased, and more than one month after the vehicle was picked up for repair. Prior law did not require an opportunity to repair before institution of a redhibition suit. See Prince v. Paretti Pontiac Company, Inc., 281 So.2d 112 (La.1973).