BARRY, Judge.
Appellee, Calecas, entered into two contracts with appellant to install plumbing in four properties. Calecas associated appellee Fraiche to work with him.
Work began March 1, 1973. The contracts totaled $16,700.00 with extras and changes in the amount of $910.00. Four payments were made totalling $11,132.00 and appellant received $652.00 in credit leaving an unpaid balance of $5,826.00.
Appellees contend work was substantially completed about December 1, 1973. Written demand was made for the unpaid balance, to no avail, and appellees filed suit July 24, 1974. Appellant reconvened and urged an allowance for repairs necessitated by faulty workmanship, plus credit for lost rents and interest expense which accrued because of the alleged tardy completion of the contracts. After a three day trial the District Court entered judgment in favor of appellees for $5,826.00 plus interest and costs. A new trial was denied and appellant filed this suspensive appeal.
Basically, this lawsuit involves questions of fact and credibility of witnesses. Appellant presents two issues on appeal:
Did appellees perform in a workmanlike manner?
Should an allowance be given to correct the alleged faulty work?
The trial judge is in the best position to evaluate litigants and witnesses, and his decision will not be disturbed without manifest error. Moran v. Robinson Corp., 372 So.2d 758 (La.App. 4th Cir., 1979). Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
The plumbing work required approximately six months to substantially complete a single residence and three duplexes (a total of seven units). The testimony established that delays were encountered because of other sub-contractors, weather, a shortage of fixtures, and changes and extras requested by appellant.[1]
We agree with the trial judge that the record is void of evidence that appellees provided unworkmanlike services. There is no convincing factual proof that there was a need to correct defects caused by the appellees. Appellant and his son testified as to some work they personally performed, but their testimony lacked sufficient proof to show time spent for the corrective work. The claim for lost rental income because of delayed completion of the work, likewise, was not proven. A court is not justified in fixing damages in absence of definite proof. Campbell v. Lelong, 327 So.2d 533 (La. *586 App.2nd Cir., 1976). The trial judge rightly concluded appellant-plaintiff in reconvention did not prove his allegations as to poor workmanship by a preponderance of evidence.
Appellant failed to provide specifics to claim an offset for materials used to correct appellees’ work. Construction work normally requires follow-up corrections which were properly tended to here by use of the standard “punch list”. Details and specificity of claimed losses must be shown. Campbell, supra. See also: Recherche, Inc. v. Jewelry Jungle, Inc., 377 So.2d 1329 (La.App.1st Cir., 1979); Pelican Printing Company v. Pecot, 216 So.2d 153 (La.App.4th Cir., 1968). Absent any corroborating evidence, the claim for an allowance on material expenses must fall.
There is no finding of negligence hence no necessity to consider appellant’s reliance on res ipsa loquitur.
The factual conclusions of the District Court are reasonable and logical. We find nothing in the record to disturb the court’s appraisal of the litigants and witnesses.
Accordingly, the judgment of the lower court is affirmed, all costs to be paid by appellant.

AFFIRMED.

. Some of the changes were substantial, suchas a gas to electric kitchen and additional bathroom facilities.