411 So.2d 731 (1982)
Doyle SMITH, Husband of & Mrs. Doyle Smith, Plaintiff-Appellee-Appellant,
v.
Willie WHITE, Defendant-Appellant-Appellee.
No. 8685.
Court of Appeal of Louisiana, Third Circuit.
March 10, 1982.
Writ Denied April 21, 1982.
*732 Ford & Nugent, William M. Ford and Howard N. Nugent, Jr., Alexandria, and Paul H. Kidd, Monroe, for plaintiff-appellee-appellant.
J. P. Mauffray, Jr., Jena, for defendant-appellant-appellee.
Before CULPEPPER, GUIDRY and STOKER, JJ.
GUIDRY, Judge.
In this suit, which was before us previously,[1] plaintiff, Doyle Smith, sought to recover the sum of $6,234.00 from defendant, Willie A. White. White answered denying any indebtedness to plaintiff and filed a reconventional demand seeking cancellation of a gravel lease entered into by the parties as well as damages for the alleged destruction of reconvenor's fruit orchard and the removal by plaintiff of topsoil from property not subject to the gravel lease. On August 7, 1980, the district court rendered judgment on the principal demand in favor of plaintiff in the sum of $6,234.00 with legal interest from November 16, 1978, and twenty-five per cent (25%) attorney's fees. In addition, the trial court, in its original decision, rendered judgment in favor of the defendant (plaintiff-in-reconvention) ordering cancellation of the gravel lease, but refused to consider defendant's reconventional demand insofar as it pertained to the alleged destruction of the fruit orchard and the alleged removal of topsoil from White's property.
On appeal to this court, the trial court judgment was reversed in part, affirmed in part, and the matter was remanded for further proceedings. In so doing, we stated:
"For the reasons assigned the judgment of the trial court dismissing defendant's reconventional demand for damages, as of non-suit, is reversed and it is now ordered, adjudged and decreed that defendant's reconventional demand, in its *733 entirety, is remanded to the trial court for further proceedings consistent with the views herein expressed. Further, that portion of the trial court judgment awarding to plaintiff twenty-five per cent (25%) attorney's fees is reversed and set aside and plaintiff's demands for attorney's fees are dismissed with prejudice. In all other respects the judgment appealed from is affirmed. Defendant Willie Allen White, is cast for all costs of this appeal." (Emphasis ours)
On remand, the trial court considered White's claim for damages as set forth in his reconventional demand and concluded that defendant (plaintiff-in-reconvention) was entitled to an award of $17,500.00. The judgment as rendered by the trial court on June 6, 1981 provides in its entirety as follows:
"Considering the testimony, evidence, law and the opinion of the Court of Appeals, Third Circuit, and for written reasons assigned on June 2, 1981,
IT IS ORDERED, ADJUDGED AND DECREED that there be judgment herein in favor of DOYLE SMITH and against WILLIE WHITE in the full sum of SIX THOUSAND TWO HUNDRED THIRTY-FOUR and No/100 ($6,234.00) DOLLARS, together with seven (7%) per cent per annum interest thereon from November 16, 1978, through September 12, 1980, plus ten (10%) per cent per annum interest thereon from September 13, 1980, until paid.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that there be judgment herein in favor of WILLIE WHITE and against DOYLE SMITH, in the full sum of SEVENTEEN THOUSAND FIVE HUNDRED AND NO/100 ($17,500.00) DOLLARS, together with Seven (7%) per cent per annum interest from January 15, 1979, through September 12, 1980, plus ten (10%) per cent per annum interest from September 13, 1980, until paid.
IT IS FURTHER ORDERED that WILLIE WHITE pay all costs of these proceedings."
Plaintiff, Doyle Smith, appeals from that judgment. Defendant, Willie White, has answered the present appeal alleging that the trial court erred in failing to rule on the issue of cancellation of the gravel lease. Additionally, White prays for an increase in the amount of damages awarded him by the trial court.

ISSUES
The substantial issues on appeal are:
(1) Did the trial court err in reiterating the terms of the judgment rendered in favor of Smith in its judgment following remand?
(2) Did the trial court err in failing to consider the issue of lease cancellation on remand?
(3) Did the trial court err in awarding damages to reconvenor, and if not, are the damages as awarded excessive or inadequate?

THE JUDGMENT OF JUNE 6, 1981
Plaintiff-appellant first contends that the trial court erred in reiterating the terms of the money judgment rendered in favor of Smith in its judgment following remand. We agree that this was error; however, the error is harmless. As clearly stated in our previous opinion the judgment of the trial court was affirmed insofar as it awarded to plaintiff the sum of $6,234.00. The record reflects that this portion of the original judgment is now final. It was unnecessary for the trial court to reiterate the provisions of that final judgment in its judgment of June 24, 1981.

THE LEASE CANCELLATION ISSUE
Appellant and appellee both contend that the trial court erred in failing on remand to rule on the lease cancellation issue raised in the reconventional demand. In support of their contention, both parties cite our prior decision which specifically instructed the trial court to rule on defendant's reconventional demand in its entirety.
*734 Although the reconventional demand was remanded in its entirety for further proceedings, the record does not reflect that either Smith or White offered to introduce any additional evidence on the issue of lease cancellation, the entire matter having been submitted to the trial court on the previous record. The trial court's previous reasons for judgment and its formal judgment rendered pursuant thereto dated August 7, 1980 disposed of that portion of White's reconventional demand concerning the issue of cancellation of the gravel lease. Presumably, since the trial court had previously disposed of that portion of defendant's reconventional demand, the trial judge deemed it unnecessary to again formally order the cancellation of the disputed gravel lease. Although we believe that the better practice would have been to formally dispose of all matters presented by White's reconventional demand in the second judgment rendered on June 24, 1981, we conclude that both judgments by the district court should be considered by this court in resolving the issues presented on appeal. In so doing, we determine that to remand the present matter to the trial court once again simply for the trial judge to reiterate his decision to cancel the disputed gravel lease would not be in the best interest of judicial efficiency, economy, and expediency. The record presently before us contains formal judgment by the trial court on all issues presented by the reconventional demand, albeit in two judgments, and all evidence and testimony received at trial and provides this court with sufficient information to decide the issues presented on appeal.
Plaintiff (defendant-in-reconvention) contends that the evidence presented by reconvenor on this issue is not sufficient on which to base a finding that the gravel lease should be cancelled.[2] On the other hand, reconvenor contends that the evidence presented clearly establishes that Doyle Smith failed to operate the disputed gravel lease in good faith and as a reasonably prudent operator. In this regard, White, in effect, contends that Smith removed and marketed gravel and dirt from White's land for which he was not paid by design and with the intent to deprive him of the royalties which were justly due to him under the lease.
The provisions of the Louisiana Mineral Code apply to gravel leases. See LSA-R.S. 31:4. LSA-R.S. 31:122 which sets forth the obligations of the mineral lessee provides as follows:
"A mineral lessee is not under a fiduciary obligation to his lessor, but he is bound to perform the contract in good faith and to develop and operate the property leased as a reasonably prudent operator for the mutual benefit of himself and his lessor. Parties may stipulate what shall constitute reasonably prudent conduct on the part of the lessee."
The trial court concluded in its original judgment of August 7, 1980 that the evidence received at trial mandated the cancellation of the gravel lease. In so concluding, the trial judge, in his written reasons for judgment, merely stated: "... I am of the opinion that the evidence supports the finding that cancellation is in order and it should be included in the judgment to be signed in this case." We note that the trial judge makes no specific reference to which facts, testimony, and/or evidence influenced his decision. Our review of the record reveals that Smith introduced only one witness who testified regarding his operation of the mineral lease. Smith did not testify. Mary Nell Smith, plaintiff's wife, testified that 3,866 cubic yards of gravel were removed from the leased premises and that White was paid $.35 per cubic yard for this amount as provided for in the lease. Smith presented no records whatever to substantiate the amount of gravel and overburden removed from the White lease or the amount paid to the lessor. White, on the other hand, and several other witnesses testified that a substantial amount of gravel *735 and dirt, in excess of that for which he was paid, was removed from White's tract, some of which was stockpiled on adjacent tracts of land. Presumably, the trial court relied on this latter evidence in ordering cancellation of the lease.
It is well settled that the factual findings of the trial court are entitled to great weight, especially if those findings pertain to the credibility of witnesses. Such findings will not be disturbed on appeal unless they are found to be clearly erroneous. See Calais v. Petroleum Helicopters, Inc., 330 So.2d 408 (La.App. 3rd Cir. 1976); Stipkovich v. Empire Menhaden Co., Inc., 319 So.2d 484 (La.App. 4th Cir. 1975). Our review of the record reveals that there is support for the trial court's conclusion that cancellation of the lease in dispute was in order because of Smith's failure to operate the property leased in good faith for the mutual benefit of both Smith and White. We discern no clear error on the part of the trial court in reaching its decision. Canter v. Koehring Company, 283 So.2d 716 (La. 1973); Arceneaux v. Domingues, writ granted, 359 So.2d 1303 (La.1978), 365 So.2d 1330 (La.1978), on remand, 370 So.2d 1262 (La.App. 3rd Cir. 1979); Bertrand v. Aetna Casualty and Surety Company, 306 So.2d 343 (La.App. 3rd Cir. 1975).

DAMAGES
Plaintiff contends that the trial court erred in awarding damages to White for the alleged destruction of plaintiff-in-reconvention's fruit orchard and the removal of topsoil therefrom. In this regard, plaintiff argues that plaintiff-in-reconvention produced no expert testimony regarding the value of the trees allegedly destroyed nor did White present evidence as to the quantity or value of the topsoil purportedly removed from his property.
The damage award is not itemized in the judgment appealed from nor is it explained or itemized in the trial court's written reasons for judgment. In his brief written reasons for judgment, the trial judge merely stated: "It is my view that the sum of $17,500.00 will fairly compensate Mr. White for all the damages he sustained as a result of the actions of the plaintiffs. Judgment should be entered in Mr. White's favor for this amount." A careful review of the record reveals several lay witnesses who testified as to the approximate number and type of trees located in White's fruit orchard, but not one witness, lay or otherwise, was presented who did testify regarding the actual worth or replacement value of the trees allegedly destroyed. The record reflects only one instance where a money value was placed on the destroyed trees and this is contained in the self-serving answers to interrogatories propounded by plaintiff's counsel and answered by defendant (plaintiff-in-reconvention). Our brethren of the First Circuit considered the evidentiary import of answers to written interrogatories in the case of Realty Mart, Inc. v. Louisiana Board of Tax Appeal, 336 So.2d 52 (La.App. 1st Cir. 1976) stating:
"`Evidence' is testimony and matter which has actually been presented at trial. Therefore, facts obtained through the use of discovery devices, such as the instant written interrogatories, are not of themselves evidence. They may, however, become evidence by introduction as such at the trial of the matter. Welch v. Robert Campbell, Inc., 316 So.2d 822 (La. App. 1st Cir. 1975)."
The interrogatories which contain the only reference to an unsubstantiated estimated value of the trees destroyed and topsoil removed from the tract were not introduced into evidence at trial of the instant matter. Thus, they may not be considered by either the trial or reviewing court. See Welch v. Robert Campbell, Inc., 316 So.2d 822 (La. App. 1st Cir. 1975), writ denied, 321 So.2d 523 (La.1975).
White in his reconventional demand alleges that he sustained damages in the sum of $25,000.00 as a result of the destruction of his fruit orchard. It is well settled that it is the plaintiff's burden to prove with legal certainty every item of damages claimed. See Culpepper v. Natchitoches Parish School Board, 333 So.2d 453 (La.App. 3rd Cir. 1976), writ denied, 338 So.2d 289 *736 (La.1976); Freeman v. G.T.S. Corporation, 363 So.2d 1247 (La.App. 4th Cir. 1978); Cloney v. Travelers Insurance Company, 253 So.2d 83 (La.App. 1st Cir. 1971), writs refused, 259 La. 871, 253 So.2d 212 (La.1971). As stated in Freeman v. G.T.S. Corporation, supra, "This burden must be borne by competent evidence showing the extent of the damage and plaintiff's own uncorroborated personal estimate of the value of the loss is insufficient." See also, Saulter v. Cousin, 294 So.2d 251 (La.App. 1st Cir. 1974).
As noted, in the present case, plaintiff-in-reconvention failed to establish the amount of damages sustained as a result of the destruction of his fruit orchard and the removal of topsoil therefrom. There is no evidence in the record upon which this court could base an award of damages to plaintiff. The record merely reflects that a number of fruit trees were destroyed and some topsoil removed from a one acre tract by the defendant-in-reconvention. To award damages to plaintiff based upon the record before us would result in mere speculation. It is well established jurisprudence that courts are not empowered to award speculative damages which have not been proved with some degree of detail and specificity. See Rawley v. Rawley, 357 So.2d 286 (La.App. 1st Cir. 1978), writ denied, 357 So.2d 1154 (La.1978), U.S. cert. denied, 439 U.S. 968; Calecas v. Prieur, 384 So.2d 584 (La.App. 4th Cir. 1980). For these reasons, we conclude that the trial court clearly erred in awarding damages to plaintiff absent definite proof of such damages.
For the above and foregoing reasons, the judgment of the trial court ordering cancellation of the gravel lease is affirmed and that portion of the trial court's judgment awarding to plaintiff-in-reconvention, Willie Allen White, the sum of $17,500.00 in damages is reversed and set aside and his demand for such damages is ordered dismissed with prejudice. In all other respects, the judgment appealed from is affirmed. Willie Allen White is cast with all costs of this appeal.
AFFIRMED IN PART; REVERSED IN PART.
NOTES
[1] See 398 So.2d 178 (La.App. 3rd Cir. 1981).
[2] Although the trial court judgment of August 7, 1980, which was before us on the previous appeal, ordered cancellation of the gravel lease, we did not consider the correctness of that ruling on the first appeal because it was not made an issue by the parties.